1  Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
2  Michelle S. Lim (SBN 315691)
SCHNEIDER WALLACE
3  COTTRELL KONECKY
WOTKYNS LLP
4  2000 Powell Street, Suite 1400
Emeryville, California 94608
5  Telephone: (415) 421-7100
Facsimile: (415) 421-7105
6  ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
7  mlim@schneiderwallace.com

8  Attorneys for Plaintiffs, the Collective,
and putative Classes
9
*Additional Counsel on the following page*
10

11              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
12

13  PAUL MONPLAISIR, JACKY CHARLES,        Case No. _____
    and STERLING FRANCOIS, on behalf of
14  themselves and all others similarly situated,   **COLLECTIVE AND CLASS ACTION**
                                                    **COMPLAINT**
15              Plaintiffs,
                                                    **(1)  Violations of the Fair Labor Standards**
16         vs.                                      **     Act;**
                                                    **(2)  Failure to Authorize and Permit**
17  INTEGRATED TECH GROUP, LLC and         **     and/or Make Available Meal and Rest**
    ITG COMMUNICATIONS LLC,                **     Periods;**
18                                          **(3)  Failure to Properly Compensate**
                Defendants.                 **(4)  Failure to Pay for All Hours Worked;**
19                                          **(5)  Failure to Pay Minimum Wage;**
                                            **(6)  Failure to Pay Overtime Wages;**
20                                          **(7)  Failure to Reimburse Necessary**
                                            **     Business Expenditures;**
21                                          **(8)  Waiting Time Penalties;**
                                            **(9)  Failure to Provide Timely and**
22                                          **     Accurate Itemized Wage Statements;**
                                            **(10) Unlawful Business Practices;**
23                                          **(11) Penalties Pursuant to § 2699(a) of the**
                                            **     Private Attorneys General Act**
24                                          **(12) Penalties Pursuant to § 2699(f) of the**
                                            **     Private Attorneys General Act**
25                                          **(13) Violations of the Pennsylvania**
                                            **     Minimum Wage Act;**
26                                          **(14) Violations of the Pennsylvania Wage**
                                            **     Payment and Collection Law; and**
27                                          **(15) Unjust Enrichment**

28                                          **DEMAND FOR JURY TRIAL**

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Sarah R. Schalman-Bergen (*pro hac vice* to be submitted)
Stacy Savett (*pro hac vice* to be submitted)
Shoshana Savett (*pro hac vice* to be submitted)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000
Facsimile:  (215) 875-4604

Attorneys for Plaintiffs, the Collective,
and putative Classes

Plaintiffs Paul Monplaisir, Jacky Charles, and Sterling Francois, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, bring this lawsuit against Integrated Tech Group, LLC and ITG Communications LLC (collectively "ITG" or "Defendants") to recover for ITG's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); applicable California Labor Code provisions; applicable Industrial Welfare Commission ("IWC") Wage Orders; the Unfair Business Practices Act, California Business and Professions Code §§ 17200, *et seq.* ("UCL"); the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§ 333.101, *et seq.*; and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§ 260.1, *et seq.*

## INTRODUCTION

1.      This is a collective and class action complaint against ITG to challenge its policies and practices of denying proper payment of all wages (including minimum, regular, and overtime wages, expense reimbursement, and improper deductions), compensation for nonproductive work time, as well as ITG's failure to authorize, permit, and/or make available rest periods and meal periods.

2.      Plaintiffs and members of the putative Collective and Classes are current and former non-exempt employees of ITG, who carried out ITG's installation service business (hereinafter referred to collectively as "Technicians"). Plaintiffs seek to represent other current and former non-exempt employees who work as Technicians in this collective and class action. Plaintiffs allege ITG has engaged in an unlawful pattern and practices in violation of the FLSA and the applicable laws of the states of California and Pennsylvania.

3.      Plaintiffs challenge ITG's policies and practices of: (1) failing to compensate Plaintiffs and putative Class and Collective members for all hours worked; (2) failing to pay Plaintiffs and putative Class and Collective members minimum wage for all hours worked; (3) failing to pay Plaintiffs and putative Class and Collective members overtime and double time wages; (4) failing to authorize and permit Plaintiffs and the putative Class members to take meal and rest breaks to which they are entitled by law and pay premium compensation for missed breaks; (5) failing to reimburse Plaintiffs and putative Class and Collective members for

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

necessary business expenditures and unlawfully deducting expenses from Technicians' wages; (6) failing to provide Plaintiffs and putative Class members accurate itemized wage statements; and (7) failing to timely pay Plaintiffs and putative Class members wages upon termination of employment.

4.     ITG requires Plaintiffs and other Technicians to work long schedules – typically between 10 to 16 hours per day, 5 to 7 days per week. Technicians work these long hours without proper compensation and breaks. In particular, ITG rarely pays Technicians for all hours worked, including minimum wage, overtime, and double time. Instead, ITG manipulates time records so that Technicians' hours worked are significantly underreported. ITG also does not provide Technicians with proper meal and rest breaks, although it requires Technicians to falsely report taking breaks. ITG also routinely fails to compensate Technicians for nonproductive work time.

5.     Similarly, Plaintiffs and other Technicians are not compensated for off-the-clock work. Off-the-clock work includes, but is not limited to, time spent working before Technicians are allowed to clock in at the beginning of their workday and/or time spent working after Technicians are allowed to clock out at the end of their work day, and time spent throughout the day driving from one job to the next.

6.     ITG requires Technicians to incur numerous work related expenses, including but not limited to tools, supplies and gasoline, that are not reimbursed. At all relevant times, ITG has been fully aware that jobs assigned cannot be completed unless the Technician has the proper equipment. ITG does not supply the tools necessary to complete the jobs assigned, nor do they reimburse the Technicians for tools and supplies purchased by the Technicians. Instead, Technicians are required to either purchase these items themselves, or are forced to enter ITG's payment program in order to obtain the tools and equipment necessary to properly complete the jobs assigned by ITG. ITG's payment program provides the tools and supplies to the Technician and takes the correlated dollar amount out of the Technicians' paycheck. Oftentimes, ITG forges the Technicians' signature for the tools and supplies and takes the money out of their paychecks without the Technicians' consent. ITG charges more for tools and supplies than if a Technician purchases their own tools and supplies at a hardware store.

7.    ITG also requires each Technician have a cellular phone to allow ITG to communicate with Technicians throughout the workday. The cellular phone is a necessity to complete all jobs assigned by ITG. ITG does not provide cellular phones to their Technicians, nor does it reimburse them for the cost of the phone or the monthly bill.

8.    Furthermore, while ITG at times provides Technicians with fuel cards, when it does so, it places limits on the amount of fuel that Technicians can purchase. The majority of the time, ITG does not supply fuel cards and the Technicians end up paying for much of their own gasoline and are not reimbursed, even when they provide receipts to ITG.

9.    Plaintiffs and other Technicians experience a number of derivative issues from ITG's wage and hour practices, including but not limited to receiving incorrect wage statements, and not receiving all pay owing to them at the end of their employment. Wage statements do not accurately reflect the actual hours worked, piece rates, rate of compensation, or gross wages for rest and recovery periods and other nonproductive time. Compensation for off-the-clock work, overtime, and premium pay for missed breaks remains outstanding after termination. Proper compensation for rest and recovery periods and other nonproductive time also remains outstanding after termination.

10.    Ultimately, the daily time that ITG requires Technicians to work without compensation deprives them of substantial amounts of pay to which they are entitled under Federal law and the laws of the states of Pennsylvania and California.

11.    As a result of these violations, Plaintiffs seek full compensation for all denied timely and compliant meal and rest periods, unpaid wages, including unpaid minimum wage, straight time, and overtime, waiting time penalties, premium pay. Plaintiffs are also entitled to penalties under the laws of California and Pennsylvania for these same violations. Plaintiffs also seek declaratory and injunctive relief, including restitution.

12.    Plaintiffs seek reasonable attorneys' fees and costs under the FLSA, the California Labor Code and California Code of Civil Procedure § 1021.5, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, and other laws of the states of California and Pennsylvania.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

1

**JURISDICTION AND VENUE**

2      13.    The FLSA authorizes private rights of action to recover damages for violation of the

3   FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question

4   jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California

5   and Pennsylvania state law claims under 28 U.S.C. § 1367(a) because they are so related to this

6   action that they form part of the same case or controversy.

7      14.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material

8   times, ITG has been actively conducting business in the State of California, and within the

9   geographic area encompassing the Northern District of the State of California. A substantial

10   portion of the events described herein took place in this District.

11

**PARTIES**

12      15.    The named Plaintiffs Paul Monplaisir, Jacky Charles, and Sterling Francois reside

13   in the State of Florida.

14      16.    Plaintiff Monplaisir worked for ITG from approximately January 2017 until March

15   2018 in and around West Palm Beach, Florida; Broward, Florida; and Fort Meyers, Florida. He

16   also worked for ITG in and around San Francisco, California from approximately March 2018

17   until June 2018. He worked in the non-exempt position of technician.

18      17.    Plaintiff Charles worked for ITG from approximately June 2017 until September

19   2018 in and around Broward, Florida. He worked in the non-exempt position of technician.

20      18.    Plaintiff Francois worked for ITG from approximately July 2017 until April 2018 in

21   and around Boynton Beach, Florida and Fort Meyers, Florida. He also worked for ITG in and

22   around Pittsburgh, Pennsylvania from approximately April 2018 until May 2018. He returned to

23   the Boynton Beach, Florida branch and worked for ITG from May 2018 until June 2018.  He

24   worked in the non-exempt position of technician.

25      19.    Defendant Integrated Tech Group, LLC is a Delaware corporation that maintains its

26   headquarters in Gallatin, Tennessee. Integrated Tech Group, LLC does business throughout the

27   United States, including California, Florida, and Pennsylvania.

28

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

20.    Defendant ITG Communications LLC is a Texas corporation that maintains its headquarters in Gallatin, Tennessee. ITG Communications LLC does business throughout the United States, including California, Florida, Pennsylvania, and Texas.

21.    Plaintiffs are informed, believe, and allege that at all times mentioned in this Complaint, each Defendant was the agent and employee of the other Defendant and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment. Plaintiffs are further informed, believe, and allege that each of the Defendants gave consent to, ratified, and authorized the acts alleged herein. Defendants are sued both in their own right and on the basis of respondent superior.

22.    Plaintiffs are informed, believe, and allege that Defendants are either solely or jointly and severally liable for damages and penalties owed to Plaintiffs under common law and by statute, including attorneys' fees and costs.

23.    At all relevant times, ITG has regularly engaged in business in the State of California, has places of business in the States of California and Pennsylvania, including in this judicial district, and has employed Collective and putative Class Members in this judicial district. ITG is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201. ITG is also an "employer" as that term is used in the California Labor Code, the IWC Wage Orders, the PMWA, the PWPCL, and the FLSA.

**FACTUAL ALLEGATIONS**

24.    ITG is a national fulfillment contractor for low-voltage installations, providing cable and communication equipment installations on behalf of cable operators throughout the United States.

25.    Plaintiffs and putative Class and Collective members are all current and former non-exempt employees of ITG who carried out ITG's installation service business throughout the United States, including California, Pennsylvania, and Florida. Plaintiffs are informed, believe, and thereon allege that the policies and practices of ITG have at all relevant times been similar for Plaintiffs and the Collective and Class Members, regardless of location.

26.    Technicians' job duties include but are not limited to: driving to customers' residences; installing cable, telephone, and internet service; making repairs; troubleshooting; and educating customers.

## WORKING AS A TECHNICIAN FOR ITG

27.    ITG requires Technicians to attend a daylong, mandatory unpaid orientation session in order to familiarize Technicians to ITG's policies and practices. The orientation session takes about 12 to 13 hours to complete. After Technicians complete this orientation session, they then accompany an experienced ITG Technician for one to four weeks in order to learn the job assignments. Technicians are not paid for this required in the field training.

28.    Once technicians complete the orientation and training, they begin their daily work as Technicians.

29.    ITG requires Plaintiffs and other Technicians to begin their days early in the morning. Technicians receive their first assignments of the day at around 6:30 a.m. each morning.

30.    Technicians are then required to report to ITG's warehouse by 7:00 a.m. and wait in line with other Technicians to pick up supplies provided by ITG, such as cable wires, wall plates, cable fittings, cable boxes, house boxes, and internet boxes. Plaintiffs are informed and believe that Technicians are not compensated for this pre-shift activity.

31.    One day a week, Plaintiffs and other Technicians are required to attend a mandatory weekly meeting at the warehouse for thirty minutes to one hour. During this time, Technicians are given a statistical breakdown of their performance the previous week, including how many jobs were completed, how many callbacks, and reviews from customers. Technicians are not compensated for their time spent attending these meetings.

32.    Once all uncompensated pre-shift activity is completed, Technicians head out for their first of many jobs for the day. ITG requires each Technician to complete between 6 to 15 jobs per day. Following the first job of the day at 8:00 a.m., ITG schedules Technicians for jobs for the rest of the day.

33.    Once Technicians complete one job, they immediately drive to their next job. These trips are usually between 10 to 20 miles each and can take up to an hour depending on traffic. No

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

matter the actual drive time, ITG does not account for this time in its scheduling, and Technicians are not compensated for this time.

34.    Most jobs take between one and four hours to complete, however, some jobs can take an entire day. Each job involves different work and can present unforeseen situations requiring additional work time. Regardless, ITG expects and schedules a maximum of 2 hours to complete each job. Oftentimes, ITG schedules more than one job during a two-hour period, forcing Technicians to run behind schedule and work extra hours each day to complete all the assigned jobs. ITG also often adds more job codes to the original job assignment, which increases the amount of work for the Technicians, yet, ITG still expects the job to be completed within the scheduled timeframe. If Plaintiffs and other Technicians exceed 2 hours of work on a particular job assignment, ITG only permits them to log 2 hours of work, regardless of how long the Technicians actually worked.

35.    Technicians' days do not end until they complete all the job assignments received from ITG for the day. This is often not until 10:00 or 11:00 p.m.

36.    Regardless of location, ITG requires Plaintiffs and Technicians to work a grueling schedule, often 6-7 days per week and well over 10 hours per day.

37.    Plaintiff Monplaisir typically worked over 15 hours per day, 6 to 7 days per week. It was common for him to begin his day around 7:00 a.m. and work until 10:00 or 11:00 p.m. He often worked 90 to over 100 hours per week.

38.    Plaintiff Charles typically worked between 15 hours per day, 6 days per week. He often worked 90 hours per week.

39.    Plaintiff Francois typically worked between 10 to 14 hours per day, 6 to 7 days per week. He often worked 60 to 90 hours per week.

40.    Much of Technicians' work time, however, is unreported or is outright eliminated from Technicians' compensation. ITG systematically pressures Technicians to underreport their hours, and threatens to – and in fact does – unilaterally change Technician time records.

41.    Upon information and belief, ITG specifically instructs Technician supervisors and upper management employees to reduce Technicians' hours. Technician supervisors and upper

1 | management employees control Technicians' sign in and sign out sheets, and arbitrarily determine
2 | the sign in and sign out time for Technicians.

3 |      42.    ITG's common practice is to not pay Plaintiffs and other Technicians for all the
4 | customer visits they complete. ITG often adds additional customer visits to Plaintiffs and other
5 | Technicians' schedules throughout the day. However, ITG only compensates Technicians for the
6 | work attributable to their originally assigned customer visit. Technicians complete all remaining
7 | work without compensation.

8 |      43.    ITG also urges Technicians to document fewer work hours to supposedly increase
9 | their hourly rate, when in fact ITG pays Technicians less compensation for more hours worked
10 | because of ITG's pressure tactics. ITG also instructs Technicians to document fewer work hours
11 | to give the appearance of greater productivity to ITG's customers. This results in significant
12 | unpaid time.

13 |      44.    ITG's policies and practices results in Technicians performing substantial off-the-
14 | clock work, including overtime work, which goes unrecorded and unpaid by ITG. ITG's
15 | directives cause Plaintiffs and other Technicians to underreport several hours per day, upwards of
16 | 6 hours of off-the-clock work per day.

17 |      45.    In addition, ITG routinely denies Plaintiffs and other Technicians timely and
18 | compliant off-duty meal periods and rest periods. Specifically, ITG routinely refuses to authorize,
19 | permit, and/or make available to Technicians timely and compliant thirty-minute meal periods as
20 | required by law. Furthermore, ITG requires Technicians to work in excess of 10 hours per day,
21 | but does not authorize, permit, and/or make available to them a second thirty-minute meal period
22 | as required by law. Likewise, ITG routinely refuses to authorize or permit Technicians to take
23 | ten-minute rest periods as required by law.

24 |      46.    To the contrary, ITG instructs Technicians to falsely report on their time sheets that
25 | they took a meal break, with complete indifference as to whether Technicians in fact were able to,
26 | and did, take a meal break. Moreover, if Technicians fail to falsely report that they took a meal
27 | break, ITG will do so for them, altering the Technicians' time records to reflect a meal period that

28 |

was never taken. ITG does not compensate Technicians for work completed during these falsely reported meal periods.

47.     Beyond ITG's failure to authorize or permit meal and rest breaks, Technicians' schedules are too busy, and ITG's pressure to complete job assignments is too constant, for Technicians' to take meal or rest breaks. ITG monitors Plaintiffs and other Technicians throughout the day, including by telephone, directing them to go from customer to customer without breaks. As a result, Technicians are routinely forced to eat in their trucks while driving to the next job assignment.

48.     ITG fails to pay Plaintiffs and other Technicians premium wages for their missed breaks. This uniformly violates California law.

49.     ITG is aware of the fact that its Technicians do not get the meal and rest periods to which they are entitled and that it maintains policies and practices that deprive its Technicians of compensation for time worked, including overtime compensation. In fact, ITG has been involved in similar litigation in the past yet continues to engage in these practices. Therefore, the denial of meal and rest periods and denial of wages to Technicians is knowing and willful.

## TECHNICIANS' COMPENSATION MODEL

50.     ITG's compensation system is muddled and confusing, precluding Plaintiffs from completely understanding their pay. Plaintiffs understand that ITG uses a piece-rate system that allegedly uses: (1) total dollar value for piece-rate work per job, and (2) the number of hours recorded as worked, to calculate Technicians' regular hourly rates of pay for each week. However, the hours worked are not accurately recorded and in fact are severely underreported. Similarly, job codes completed are not accurately recorded and are severely underreported.

51.     Under this compensation model, each discrete task has a corresponding job code, and each job code equals a set dollar amount. Throughout the day, and for each job, Technicians are required to document and submit these codes to ITG as they are completed.

52.     ITG pressures Technicians to not submit code entries for tasks they complete. Upon information and belief, ITG also specifically instructs Technician supervisors and upper management employees to erase or alter job codes. Technician supervisors and upper

management employees routinely delete or alter job codes that Technicians have submitted for completed job tasks. For example, a "wall fish" installation typically requires two steps each with their own corresponding job code – installation of the "wall fish" and the outlet. The corresponding job codes provide Plaintiffs pay at a rate of around $14.00 per completed wall fish installation. Often times however when Plaintiffs successfully complete this specific installation, instead of being paid for the corresponding job codes, Plaintiffs' actual job codes are either deleted or altered to a lower paying code so that they are not paid for the total amount due for a wall fish installation. Supervisors and upper management employees manipulate Technician hours and codes by accessing and changing these codes in ITG's electronic database.

53.    Plaintiffs are informed, believe, and thereon allege that ITG's compensation policies and practices have been similar for Plaintiffs and the Collective and Class Members, regardless of location.

54.    Plaintiffs and other Technicians incur numerous work-related expenses for which ITG does not reimburse them, including but not limited to tools, supplies, cellular phones, and gasoline. ITG does not compensate Plaintiffs and Technicians for the costs associated with their work-related expenses. For example, Plaintiffs often paid up to $300 per week out-of-pocket in fuel expenses alone, in addition to over $400 in work-related expenses for tools, including drills, screwdrivers, wrenches, drill bits, wall fish equipment, glow rods, flex bit, fish tape, flashlight, masks, clothing, gloves and knee pads.

55.    Even when ITG provides certain equipment and supplies to Technicians, Technicians ultimately bear the brunt of the costs of this equipment. ITG routinely deducts the costs of this equipment from Technicians' compensation. ITG falsely labels these deductions as "lost" equipment and supplies. ITG requires Technicians to agree to these deductions to continue to receive work assignments.

56.    ITG is aware that the company is required to compensate Technicians for work-related expenses, yet refuses to do so. ITG's unlawful conduct has been widespread, repeated, and willful throughout California and the United States.

57.     As a result of ITG's wage and hour practices, wage statements do not accurately reflect the actual hours worked by Plaintiffs and Technicians, the piece rates earned, the correct value of piece rates completed, or the amount of compensation for each piece rate.

58.     Because Technicians are systematically deprived of the wages to which they are due and entitled, Plaintiffs and members of the putative Classes and Collective also do not receive all pay owing to them at the end of their employment. Compensation for off-the-clock work, missing piece rates, overtime, unreimbursed expenses, and premium pay for missed breaks remains outstanding after termination.

## TRAVELLING TECHNICIANS

59.     Defendants assign Plaintiffs and other Technicians to work at specific customer sites at various locations. Some of these assignments are located outside of the Technician's home state, requiring these traveling Technicians to travel to and work at these locations until their jobs are complete. These projects take various amounts of time, including up to four months long.

60.     ITG only provides Travelling Technicians with flights to and from their assigned worksite, a hotel room, twenty-five dollars per diem, and a gas card for up to eighty dollars a week. The per diem amount allocated is regularly insufficient to cover all these expenses. The gas card is also usually insufficient to cover the Technicians' expenses, and Technicians often must pay fifty to one hundred dollars out of pocket to cover their fuel expenses. In addition, Technicians are required to stay in cramped hotel rooms with other Technicians, often requiring Technicians to share beds or sleep on the floor.

61.     ITG also does not compensate Plaintiffs and Technicians for time spent travelling to and from a job assignment.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

62.     Plaintiffs Monplaisir, Charles, and Francois bring the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of a proposed collection of similarly situated employees defined as:

> All current and former non-exempt hourly employees of Defendants working as technicians throughout the United States during the time

period three years prior to the filing of the complaint until resolution of this action ("the Collective").

63.    Plaintiffs, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging ITG's policy and practice of failing to accurately record all hours worked, and failing to properly pay Plaintiffs for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of ITG, and potential opt-ins may be easily and quickly notified of the pendency of this action.

64.    Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA, because Plaintiffs' FLSA claims are similar to the claims of the members of the Collective.

65.    The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

66.    Plaintiffs are representatives of the members of the Collective and are acting on behalf of their interests, as well as Plaintiffs' own interests, in bringing this action.

67.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiffs have retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

68.    The similarly situated members of the Collective are known to ITG, are readily identifiable, and may be located through ITG's records. These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

/././

/././

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23
## CALIFORNIA CLASS

69.     Plaintiff Monplaisir brings the Second through Twelfth Counts (the California state law claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. The putative California Class is initially defined as:

> All current and former non-exempt hourly employees of Defendant Integrated Tech Group, LLC working as Technicians throughout the state of California during the time period four years prior to the filing of the complaint, until resolution of this action (the "California Class").

70.     **Numerosity:**     Defendant has employed potentially thousands of non-exempt, hourly employees as Technicians during the applicable statutory period. The members of the putative Classes are therefore far too numerous to be individually joined in this lawsuit.

71.     **Existence and Predominance of Common Questions:**     There are questions of law and fact common to Plaintiff Monplaisir and the putative California Classes that predominate over any questions affecting only individual members of the putative California Classes. These common questions of law and fact include, without limitation:

72.     Whether ITG fails to authorize and permit, make available, and/or provide putative Class Members meal periods to which they are entitled in violation of the California Labor Code and Wage Orders;

    a.     Whether ITG fails to authorize and permit, make available, and/or provide putative Class Members meal periods to which they are entitled in violation of California Business and Professions Code § 17200, et seq.;

    b.     Whether ITG fails to authorize and permit, make available, and/or provide putative Class Members rest periods to which they are entitled in violation of the California Labor Code and Wage Orders;

    c.     Whether ITG fails to authorize and permit, make available, and/or provide putative Class Members rest periods to which they are entitled in violation of California Business and Professions Code § 17200, et seq.;

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

d.  Whether ITG fails to compensate putative Class Members for all hours worked, including overtime compensation, in violation of the California Labor Code and Wage Orders;

e.  Whether ITG fails to compensate putative Class Members for all hours worked in violation of California Business and Professions Code § 17200, et seq.;

f.  Whether ITG fails to reimburse putative Class Members for necessary business expenditures in violation of the California Labor Code and Wage Orders;

g.  Whether ITG fails to reimburse putative Class Members for necessary business expenditures in violation of California Business and Professions Code § 17200, et seq.;

h.  Whether ITG has a policy and/or practice of requiring putative Class Members to perform work off-the-clock and without compensation;

i.  Whether ITG fails to provide putative Class Members with timely, accurate itemized wage statements in violation of the California Labor Code and Wage Orders;

j.  Whether ITG fails to pay putative Class Members all wages due upon the end of their employment in violation of the California Labor Code and Wage Orders;

k.  Whether ITG's failure to pay putative Class Members all wages due upon the end of their employment has been an unlawful, unfair, or fraudulent business act or practice in violation of California Business and Professions Code § 17200, et seq.; and

l.  The proper formula for calculating restitution, damages, and penalties owed to Plaintiffs and the putative Class Members as alleged herein.

73.  **Typicality:**  Plaintiff Monplaisir's claims are typical of the claims of the putative California Class. ITG's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff Monplaisir to sustain the same or similar injuries and damages. Plaintiff Monplaisir's claims are thereby representative of and co-extensive with the claims of the putative California Class.

74.    **Adequacy:**  Plaintiff Monplaisir will fairly and adequately represent and protect the interests of the putative California Class because Plaintiff Monplaisir's interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff Monplaisir has retained Counsel competent and experienced in complex employment and wage and hour class action litigation, and intend to prosecute this action vigorously. Plaintiff Monplaisir and his Counsel will fairly and adequately protect the interests of the putative California Class.

75.    **Superiority:**  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative Class Members is not practicable, and questions of law and fact common to Plaintiff Monplaisir predominate over any questions affecting only individual members of the putative Classes. The injury suffered by each putative Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against ITG economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

76.    In the alternative, the putative Class may be certified because the prosecution of separate actions by the individual members of the putative California Class would create a risk of inconsistent or varying adjudication with respect to individual members of the putative California Class, and, in turn, would establish incompatible standards of conduct for ITG.

77.    Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

78.    Plaintiff Monplaisir knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

79.    Plaintiff Monplaisir intends to send notice to all putative Class Members to the extent required under applicable class action procedures. Plaintiff Monplaisir contemplates providing a notice or notices to the California Class, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise the California Class that they shall be entitled to "opt out" of the class certified for the California

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

1  Action if they so request by a date specified within the notice, and that any judgment on the

2  California Action, whether favorable or not, entered in this case will bind all putative Class

3  Members except those who affirmatively exclude themselves by timely opting out.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23
## PENNSYLVANIA CLASS

6  80.    Plaintiff Francois brings the Eleventh through Thirteenth Counts (the Pennsylvania

7  state law claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. The

8  putative Pennsylvania Class is initially defined as:

> All current and former non-exempt hourly employees of Defendant
> Integrated Tech Group, LLC  working as Technicians throughout the
> state of Pennsylvania during the time period three years prior to the
> filing of the complaint, until resolution of this action (the
> "Pennsylvania Class").

12  81.    **Numerosity:**    Defendant has employed potentially thousands of non-exempt,

13  hourly employees as Technicians during the applicable statutory period. The members of the

14  putative Class are therefore far too numerous to be individually joined in this lawsuit.

15  82.    **Existence and Predominance of Common Questions:**    There are questions of law

16  and fact common to Plaintiff Francois and the putative Pennsylvania Class that predominate over

17  any questions affecting only individual members of the putative Classes. These common

18  questions of law and fact include, without limitation:

> a.    Whether ITG fails to compensate putative Class Members for all hours worked,
>       including overtime compensation, in violation of the PWPCL 43 P.S. § 260.1, et
>       seq. and PMWA 43 P.S. § 333.101, et seq.;
>
> b.    Whether ITG fails to compensate putative Class Members for all hours worked
>       in violation of the PWPCL 43 P.S. § 260.1, et seq. and PMWA 43 P.S. §
>       333.101, et seq.;
>
> c.    Whether ITG has a policy and/or practice of requiring putative Class Members
>       to perform work off-the-clock and without compensation;
>
> d.    Whether ITG fails to pay putative Class Members all wages due upon the end of
>       their employment in violation of the PWPCL 43 P.S. § 260.1, et seq.; and

e. The proper formula for calculating restitution, damages, and penalties owed to Plaintiffs and the putative Class Members as alleged herein.

83. **Typicality:** Plaintiff Francois' claims are typical of the claims of the putative Pennsylvania Class. ITG's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff Francois to sustain the same or similar injuries and damages. Plaintiff Francois' claims are thereby representative of and co-extensive with the claims of the putative Pennsylvania Class.

84. **Adequacy:** Plaintiff Francois will fairly and adequately represent and protect the interests of the putative Pennsylvania Class because Plaintiff Francois' interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff Francois has retained Counsel competent and experienced in complex employment and wage and hour class action litigation, and intends to prosecute this action vigorously. Plaintiff Francois and his Counsel will fairly and adequately protect the interests of the putative Pennsylvania Class.

85. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative Class Members is not practicable, and questions of law and fact common to Plaintiff Francois predominate over any questions affecting only individual members of the putative Classes. The injury suffered by each putative Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against ITG economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

86. In the alternative, the putative Pennsylvania Class may be certified because the prosecution of separate actions by the individual members of the putative Class would create a risk of inconsistent or varying adjudication with respect to individual members of the putative Classes, and, in turn, would establish incompatible standards of conduct for ITG.

87. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

88.    Plaintiff Francois knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

89.    Plaintiff Francois intends to send notice to all putative Class Members to the extent required under applicable class action procedures. Plaintiff Francois contemplates providing a notice or notices to the Pennsylvania Class, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise the Pennsylvania Class that they shall be entitled to "opt out" of the class certified for the Pennsylvania Action if they so request by a date specified within the notice, and that any judgment on the Pennsylvania Action, whether favorable or not, entered in this case will bind all putative Class Members except those who affirmatively exclude themselves by timely opting out.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201, *et seq.***
**(By Plaintiffs and the Collective against Defendants)**

90.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

91.    The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. § 207(a) (1).

92.    At all times material herein, Plaintiffs and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. See 29 U.S.C. § 203(e).

93.    Defendants Integrated Tech Group, LLC, and ITG Communications LLC are covered employers required to comply with the FLSA's mandates. See 29 U.S.C. § 203(d); 29 C.F.R. § 552.109(a).

94.    ITG violated the FLSA with respect to Plaintiffs and the Collective, by, inter alia, failing to compensate Plaintiffs and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. See 29 U.S.C. § 206; 29 C.F.R. § 531.35; 29 U.S.C. § 207 (a), (g). ITG also violated the

FLSA by failing to keep required, accurate records of all hours worked by Plaintiffs and the Collective. 29 U.S.C. § 211(c).

95.    Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of ITG, working in their retail establishments throughout the United States.

96.    Plaintiffs and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because ITG has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

97.    ITG has acted neither in good faith nor with reasonable grounds to believe that its actions and omission were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

98.    As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by ITG from Plaintiffs and the Collective. Accordingly, ITG is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

99.    Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

## SECOND CAUSE OF ACTION
### Failure to Authorize, Permit, and/or Make Available Meal and Rest Periods
### Labor Code §§ 203, 223, 226.7, 512, and 1198
### (By Plaintiff Monplaisir and the California Class against Integrated Tech Group, LLC)

100.    Plaintiff Monplaisir re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

101.    California Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders require Defendants to authorize, permit, and/or make available timely and compliant meal and

rest periods to its employees. Labor Code §§ 226.7 and 512 and the IWC Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes. Section 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours, or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

102.    Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize and permit a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not authorized and permitted. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period is not authorized and permitted.

103.    Despite these requirements, ITG knowingly and willfully refused to perform its obligations to authorize and permit Plaintiff Monplaisir and the California Class to take the timely and compliant off-duty meal and rest periods to which they are entitled. Plaintiffs and the California Class are routinely denied rest periods and work through their meal periods.

104.    ITG also fails to pay Plaintiff Monplaisir and the California Class one hour of pay for each untimely, non-compliant meal and/or rest period that they are denied.

105.    ITG's conduct described herein violates California Labor Code §§ 226.7 and 512 and the applicable Wage Orders. Therefore, pursuant to Labor Code § 226.7(b), Plaintiff Monplaisir and the California Class are entitled to compensation for the failure to authorize and permit meal and rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

106.    Wherefore, Plaintiff Monplaisir and the California Class request relief as hereinafter provided.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

**THIRD CAUSE OF ACTION**
**Failure to Properly Compensate Piece Rate Workers for Rest and Recovery Periods, and Other Nonproductive Time; Failure to Provide Compliant Itemized Wage Statements for Rest and Recovery Periods and Other Nonproductive Time**
**Labor Code § 226.2**
**(By Plaintiff Monplaisir and the California Class against Integrated Tech Group, LLC)**

107.    Plaintiff Monplaisir re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

108.    California Labor Code § 226.2 provides:

> This section shall apply for employees who are compensated on a piece-rate basis for any work performed during a pay period. This section shall not be construed to limit or alter minimum wage or overtime compensation requirements, or the obligation to compensate employees for all hours worked under any other statute or local ordinance. For the purposes of this section, "applicable minimum wage" means the highest of the federal, state, or local minimum wage that is applicable to the employment, and "other nonproductive time" means time under the employer's control, exclusive of rest and recovery periods, that is not directly related to the activity being compensated on a piece-rate basis.

109.    California Labor Code § 226.2(a)(1)-(2) provides:

> For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period: (1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation; (2) The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable: (A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period; (B) Except for employers paying compensation for other nonproductive time in accordance with paragraph (7), the total hours of other nonproductive time, as determined under paragraph (5), the rate of compensation, and the gross wages paid for that time during the pay period.

110.    Labor Code § 226.2(a)(3)(A), (B) provides:

> (3)(A) Employees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of: (i) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods. (ii) The applicable minimum wage.

1   (B) For employers who pay on a semimonthly basis, employees shall
2   be compensated at least at the applicable minimum wage rate for the
    rest and recovery periods together with other wages for the payroll
3   period during which the rest and recovery periods occurred. Any
    additional compensation required for those employees pursuant to
    clause (i) of subparagraph (A) is payable no later than the payday for
4   the next regular payroll period.

5   111.   California Labor Code § 226.2(a)(4)-(5), (7) provides:

6   (4) Employees shall be compensated for other nonproductive time at an
    hourly rate that is no less than the applicable minimum wage.
7
8   (5) The amount of other nonproductive time may be determined either
    through actual records or the employer's reasonable estimates, whether for
    a group of employees or for a particular employee, of other nonproductive
9   time worked during the pay period.

10  (7) An employer who, in addition to paying any piece-rate compensation,
    pays an hourly rate of at least the applicable minimum wage for all hours
11  worked, shall be deemed in compliance with paragraph (4).

12  Plaintiff Monplaisir seeks to recover actual damages, costs, and attorneys' fees under this section.

13      112.   ITG fails to provide timely, accurate, itemized wage statements to Plaintiff

14  Monplaisir and the California Class in accordance with Labor Code § 226.2(a)(1)-(2) and the

15  IWC Wage Orders. In particular, the wage statements ITG provides its employees, including to

16  Plaintiff Monplaisir and the California Class, do not reflect the total hours, rate of compensation,

17  or gross wages for either rest and recovery periods, or other nonproductive time. This is because,

18  in part, ITG does not count as "hours worked" the off-the-clock time its hourly, non-exempt

19  Technicians spend performing work activities outside of their scheduled paid shifts and other

20  work-related activities.

21      113.   Further, ITG fails to properly compensate Plaintiff Monplaisir and the California

22  Class in accordance with Labor Code Section 226.2(a) (1), (3)-(5), (7). In particular, ITG fails to

23  compensate Plaintiff Monplaisir and the California Class's rest and recovery periods at the higher

24  of either "(i) [a]n average hourly rate determined by dividing the total compensation for the

25  workweek, exclusive of compensation for rest and recovery periods and any premium

26  compensation for overtime, by the total hours worked during the workweek, exclusive of rest and

27  recovery periods[;] or (ii) [t]he applicable minimum wage." Cal. Labor Code § 226.2(a) (3)(A).

28  Defendant further fails to compensate Plaintiff Monplaisir and the California Class's other

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

1  nonproductive time at an hourly rate that is no less than the applicable minimum wage. Cal. Labor
2  Code § 226.2(a)(4).

3      114.    ITG's failure to comply with Labor Code § 226.2 was and continues to be knowing
4  and intentional. Although, as alleged herein, ITG is aware that Plaintiff Monplaisir and the
5  California Class perform off-the-clock work, allegedly took rest breaks, and perform other
6  nonproductive time, ITG systematically fails to include this time worked in Plaintiff Monplaisir's
7  wage statements and fails to properly compensate Plaintiff Monplaisir and the California Class for
8  all rest and recovery periods and other nonproductive time under Labor Code § 226.2.

9      115.    Plaintiff Monplaisir  and the California Class suffered injury as a result of ITG's
10 knowing and intentional failure to provide timely, accurate itemized wage statements to Plaintiff
11 Monplaisir and the California Class in accordance with Labor Code § 226.2. Plaintiff Monplaisir
12 and the California Class have also suffered injury as a result of ITG's knowing and intentional
13 failure to provide proper compensation for rest and recovery periods and other nonproductive
14 time in accordance with Labor Code § 226.2. In particular, the injury stemming from ITG's
15 violations is evidenced by this live and active dispute regarding unpaid wages, including,
16 overtime pay, between the Parties. As a result of ITG's violations, Plaintiff Monplaisir and the
17 California Class are required to undertake the difficult and costly task of attempting to reconstruct
18 ITG's incomplete and inaccurate time and pay records to ensure that they are paid for all hours
19 worked as required by California law.

20     116.    ITG is liable to Plaintiff Monplaisir and the California Class alleged herein for the
21 amounts described above in addition to the civil penalties set forth below, with interest thereon.
22 Furthermore, Plaintiff Monplaisir and the California Class are entitled to an award of attorneys'
23 fees and costs as set forth below.

24     117.    Wherefore, Plaintiff Monplaisir and the California Class pray for relief as set forth
25 below.

26 /././

27 /././

28 /././

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

**FOURTH CAUSE OF ACTION**
**Failure to Compensate for All Hours Worked**
**Labor Code §§ 200, 1194, 1198, 226.2**
**(By Plaintiff Monplaisir and the California Class against Integrated Tech Group, LLC)**

118.    Plaintiff Monplaisir re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

119.    California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

120.    California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

121.    ITG requires Plaintiff Monplaisir and the California Class to work off-the-clock without compensation for their work performed. ITG requires Plaintiff Monplaisir and members of the California Class to underreport their hours and falsely claim they took meal periods. When Plaintiff Monplaisir and California Class members fail to do as instructed, ITG manipulates their time records to achieve the same result. Likewise, ITG reduces or deletes piece rates, and pressure Technicians to not report completed piece rates. In other words, Plaintiff Monplaisir and the California Class are forced to perform work for the benefit of ITG without compensation.

122.    Therefore, ITG committed, and continues to commit, the acts alleged herein knowingly and willfully and in conscious disregard of Plaintiff Monplaisir's and the California Class's rights. Plaintiff Monplaisir and the California Class are thus entitled to recover nominal, actual, and compensatory damages in amounts according to proof at time of trial.

123.    Wherefore, Plaintiff Monplaisir and the California Class request relief as hereinafter provided.

/./.

/./.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

**FIFTH CAUSE OF ACTION**
**Failure to Pay Minimum Wage**
**Labor Code §§ 1182.11, 1182.12, 1197**
**(By Plaintiff Monplaisir and the California Class against Integrated Tech Group, LLC)**

124.    Plaintiff Monplaisir  re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

125.    ITG maintains policies and procedures that force Plaintiff Monplaisir and California Class members to work off the clock, without compensation – let alone the minimum wage. Due to their grueling work schedules and the systematic denial of piece rates and uncompensated, on duty time, Plaintiff Monplaisir and California Class members are routinely compensated at a rate that is less than the statutory minimum wage.

126.    During the applicable statutory period, California Labor Code §§ 1182.11, 1182.12 and 1197, and the IWC Minimum Wage Order were in full force and effect and required that ITG's hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other bases, at the rate of eight dollars ($8.00) per hour commencing January 1, 2008 and then at the rate of nine dollars ($9.00) per hour commencing July 1, 2014.

127.    IWC Wage Order 2-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

128.    California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

129.    Plaintiff Monplaisir and proposed Class Members regularly work well in excess of eight hours per day and forty hours per week.

130.    Plaintiff Monplaisir and the proposed Class Members also pay expenses necessary to their employment with ITG, and are not reimbursed for these expenditures.

131.    The combination of long work schedules and unreimbursed expenses regularly result in payment at rates below the minimum wage, as determined by the IWC.

132.    Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

133.    By failing to maintain adequate time records as required by Labor Code § 1174(d) and IWC Wage Order 2-2001(7), ITG makes it difficult to calculate the minimum wage compensation due to Plaintiff Monplaisir and proposed Class Members.

134.    As a direct and proximate result of ITG's unlawful acts and/or omissions, Plaintiff Monplaisir and proposed Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

135.    Wherefore, Plaintiff Monplaisir and the California Class request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION
### Failure to Pay Overtime Wages
### Labor Code §§ 200, 510, 1194
**(By Plaintiff Monplaisir and the California Class against Integrated Tech Group, LLC)**

136.    Plaintiff Monplaisir re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

137.    California Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of

1  overtime compensation in order to calculate the amount to be paid to
2  an employee for any hour of overtime work.

3  138.    California Labor Code § 1194(a) provides as follows:

4  Notwithstanding any agreement to work for a lesser wage, any
   employee receiving less than the legal minimum wage or the legal
5  overtime compensation applicable to the employee is entitled to
   recover in a civil action the unpaid balance of the full amount of this
6  minimum wage or overtime compensation, including interest
   thereon, reasonable attorney's fees, and costs of suit.
7

8  139.    California Labor Code § 200 defines wages as "all amounts for labor performed by

9  employees of every description, whether the amount is fixed or ascertained by the standard of

10  time, task, piece, commission basis or other method of calculation." All such wages are subject to

11  California's overtime requirements, including those set forth above.

12  140.    ITG's policy and practice of requiring Plaintiff Monplaisir and the Class to perform

13  work off-the-clock is unlawful. Even absent this off-the-clock work, many of ITG's hourly, non-

14  exempt Technicians, including Plaintiff Monplaisir and the California Class, work over eight

15  hours in a day and/or over forty hours in a week. Accordingly, as a result of ITG's unlawful

16  policy alleged herein of requiring Plaintiff Monplaisir and the California Class to perform off-the-

17  clock work, Plaintiff Monplaisir and the California Class work overtime hours for ITG without

18  being paid overtime premiums in violation of the California Labor Code, applicable IWC Wage

19  Orders, and other applicable law.

20  141.    As alleged above, ITG requires non-exempt, hourly Technicians to perform off-the-

21  clock work, including unpaid overtime work, knowing full well that such work is being performed

22  outside of their paid shifts. ITG has, therefore, knowingly and willfully refused to perform its

23  obligations to compensate Plaintiff Monplaisir and the California Class for all premium wages for

24  overtime work. As a proximate result of the aforementioned violations, ITG damaged Plaintiff

25  Monplaisir and the California Class in amounts to be determined according to proof at time of

26  trial, but in an amount in excess of the jurisdictional requirements of this Court.

27

28

142.    ITG is liable to Plaintiff Monplaisir and the California Class for the unpaid overtime and civil penalties, with interest thereon. Furthermore, they are entitled to an award of attorneys' fees and costs as set forth below.

143.    Wherefore, Plaintiff Monplaisir and the Class request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
### Failure to Reimburse for Necessary Business Expenditures in
### Labor Code § 2802
### (By Plaintiff Monplaisir and the California Class against Integrated Tech Group, LLC)

144.    Plaintiff Monplaisir re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

145.    California Labor Code § 221 provides that it shall be unlawful for any employer to collect or receive any part of wages theretofore paid by said employer to said employee.

146.    California Labor Code § 2802 provides that an employer must reimburse an employee for necessary expenditures and losses incurred by an employee in the direct consequence of the discharge of his or her duties.

147.    ITG requires Plaintiff Monplaisir and the California Class to incur numerous work-related expenses, including but not limited to tools, supplies, cellular phones, and gasoline to perform their work duties. However, ITG does not compensate Plaintiff Monplaisir and the California Class for the expenses required to perform their work-related tasks.

148.    Because of ITG's failure to comply with the provisions of the applicable Wage Order and California Labor Code §§ 221 and 2802, Plaintiff Monplaisir and the California Class suffered damages. Plaintiff Monplaisir and the California Class seek reimbursement for the necessary expenditures they incurred in direct consequence of the discharge of their duties in an amount according to proof at time of trial, with interest thereon, costs, applicable civil penalties and attorneys' fees pursuant to California Labor Code § 2802 and the applicable Wage Order.

149.    Wherefore, Plaintiff Monplaisir and the California Class request relief as hereinafter provided.

/././

/././

**EIGHTH CAUSE OF ACTION**
**Waiting Time Penalties**
**Labor Code §§ 201-203**
**(By Plaintiff Monplaisir and the California Class against Integrated Tech Group, LLC)**

150.    Plaintiff Monplaisir re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

151.    California Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

152.    California Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting

153.    California Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

154.    Plaintiff Monplaisir and some of the California Class Members have left their employment with ITG during the statutory period, at which time ITG owed them unpaid wages. These earned, but unpaid, wages derive from time spent working through their meal and rest breaks, from time spent outside of their scheduled and paid shifts performing other work-related activities, and overtime compensation that was not accounted for in the performance of off-the-clock work.

155.    ITG willfully refused, and continues to refuse, to provide Plaintiff Monplaisir and the California Class with meal and rest period premium pay and with payment for off-the-clock work performed. In particular, as alleged above, ITG is aware Plaintiff Monplaisir and the California Class regularly miss or have interrupted their meal and rest breaks as a result of ITG's

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

1    unlawful policies and practices, but ITG, nevertheless, refuses to authorize premium pay for

2    missed or interrupted meal and rest periods. Likewise, as alleged above, although ITG knew, and

3    continues to know, full well that Plaintiff Monplaisir and the California Class performed required

4    off-the-clock work, ITG still refuses to pay Plaintiff Monplaisir and the California Class for the

5    off-the-clock work performed.

6        156.    Accordingly, ITG willfully refused and continues to refuse to pay those members of

7    the California Class that left their employment with ITG all the wages that were due and owing

8    them upon the end of their employment. As a result of ITG's actions, Plaintiff Monplaisir and the

9    California Class Members suffered and continue to suffer substantial losses, including lost

10   earnings and interest.

11       157.    ITG's willful failure to pay the former employees the wages due and owed to them

12   constitutes a violation of Labor Code §§ 201-202. As a result, ITG is liable to them for all

13   penalties owing pursuant to Labor Code §§ 201-203.

14       158.    In addition, Labor Code § 203 provides that an employee's wages will continue as a

15   penalty up to thirty days from the time the wages were due. Therefore, the former employees are

16   entitled to penalties pursuant to Labor Code § 203, plus interest.

17       159.    Wherefore, Plaintiff Monplaisir and the California Class request relief as hereinafter

18   provided.

19                              **NINTH CAUSE OF ACTION**
                                 **Itemized Wage Statements**
20                                  **Labor Code § 226**
     **(By Plaintiff Monplaisir and the California Class against Integrated Tech Group, LLC)**
21

22       160.    Plaintiff Monplaisir re-alleges and incorporates the foregoing paragraphs as though

23   fully set forth herein.

24       161.    California Labor Code § 226(a) provides:

25               Every employer shall, semimonthly or at the time of each payment
                 of wages, furnish each of his or her employees, either as a detachable
26               part of the check, draft, or voucher paying the employee's wages, or
                 separately when wages are paid by personal check or cash, an
27               accurate itemized statement in writing showing (1) gross wages
                 earned, (2) total hours worked by the employee, except for any
28               employee whose compensation is solely based on a salary and who is

                                            30

1

2

3

4

5

6

7

8

9

> exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

10

162.    California Labor Code § 226(e) provides:

11

12

13

14

15

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

16

Plaintiff Monplaisir seeks to recover actual damages, costs, and attorneys' fees under this section.

17

163.    ITG fails to provide timely, accurate, itemized wage statements to Plaintiff

18

Monplaisir and the California Class in accordance with Labor Code § 226(a) and the IWC Wage

19

Orders. In particular, the wage statements ITG provides employees, including to Plaintiff

20

Monplaisir and the California Class, do not accurately reflect the actual hours worked, actual

21

gross wages earned, or actual net wages earned. This is because, in part, ITG does not count as

22

"hours worked" the off-the-clock time its hourly, non-exempt Technicians spend performing

23

work activities outside of their scheduled paid shifts and other work-related activities.

24

164.    ITG's failure to comply with Labor Code § 226(a) was and continues to be knowing

25

and intentional. Although, as alleged herein, ITG is aware that Plaintiff Monplaisir and the

26

California Class perform off-the-clock work, ITG systematically fails to include this time worked

27

in Plaintiff Monplaisir's and the California Class's wage statements.

28

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

165.    Plaintiff Monplaisir and the California Class suffered injury as a result of ITG's knowing and intentional failure to provide timely, accurate itemized wage statements to Plaintiff Monplaisir and the California Class in accordance with Labor Code § 226(a). In particular, the injury stemming from ITG's violations is evidenced by this live and active dispute regarding unpaid wages, including, overtime pay, between the Parties. As a result of ITG's violations, Plaintiff Monplaisir and the California Class are required to undertake the difficult and costly task of attempting to reconstruct ITG's incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by California law.

166.    ITG is liable to Plaintiff Monplaisir and the California Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff Monplaisir and the California Class are entitled to an award of attorneys' fees and costs as set forth below.

167.    Wherefore, Plaintiff Monplaisir and the California Class pray for relief as set forth below.

## TENTH CAUSE OF ACTION
### Unfair Business Practices
### Business and Professions Code § 17200, *et seq.*
### (By Plaintiff Monplaisir and the California Class against Integrated Tech Group, LLC)

168.    Plaintiff Monplaisir re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

169.    California Business and Professions Code § 17200, et seq. prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

170.    California Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

171.    California Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

172.    Beginning at an exact date unknown to Plaintiff Monplaisir and the California Class, but at least since the date four years prior to the filing of this suit, ITG has committed acts of unfair competition as defined by the Unfair Business Practices Act by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Consolidated Complaint, including, but not limited to:

a.    violations of Labor Code §§ 226.7 and 512 and IWC Wage Orders pertaining to meal and rest breaks;

b.    violations of Labor Code § 1194 and  IWC Wage Orders pertaining to the payment of wages;

c.    violations of Labor Code § 510 and applicable IWC Wage Orders pertaining to overtime;

d.    violations of Labor Code § 2802 and  IWC wage orders pertaining to reimbursement of necessary business expenditures; and

e.    violations of Labor Code §§ 201-203.

173.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code § 17200, et seq.

174.    The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code § 17200, et seq. Among other things, the acts and practices have taken from Plaintiff Monplaisir and the California Class wages rightfully earned by them, while enabling ITG to gain an unfair competitive advantage over law-abiding employers and competitors.

175.    Business and Professions Code § 17203 provides that the Court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

176.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff Monplaisir and the California Class have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

177.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff Monplaisir and the California Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

178.    Plaintiff Monplaisir's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff Monplaisir sues on behalf of himself and others similarly situated. Plaintiff Monplaisir and the California Class seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them.

179.    Plaintiff Monplaisir herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff Monplaisir by forcing him to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

180.    Wherefore, Plaintiff Monplaisir and the Class request relief as hereinafter provided.

**ELEVENTH CAUSE OF ACTION**
**Penalties Pursuant to § 2699(a) of the Private Attorneys General Act**
**(By Plaintiff Monplaisir against Integrated Tech Group, LLC)**

181.    Plaintiff Monplaisir re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

182.    California Labor Code § 2699(a) provides:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

183.    California Labor Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

184.    California Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

185.    California Labor Code § 558(a) provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(3)  Wages recovered pursuant to this section shall be paid to the affected employee.

186.     Plaintiff Monplaisir seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by ITG, as alleged above, to timely pay all wages owed to Plaintiff Monplaisir and each putative Class member in compliance with Labor Code §§ 201-202 in the amounts established by Labor Code § 203.  Plaintiff Monplaisir seeks such penalties as an alternative to the penalties available under Labor Code § 203, as prayed for herein.

187.     Plaintiff Monplaisir also seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by ITG, alleged above, to provide Plaintiff Monplaisir and each Class member an accurate, itemized wage statement in compliance with Labor Code § 226(a) in the amounts established by Labor Code § 226(e). Plaintiff Monplaisir seeks such penalties as an alternative to the penalties available under Labor Code § 226(e), as prayed for herein.

188.     Plaintiff Monplaisir also seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by ITG, alleged above, to provide Plaintiff Monplaisir and each Class member compliant meal and rest periods in compliance with Labor Code § 512.

189.     Plaintiff Monplaisir also seeks civil penalties pursuant to Labor Code § 2699(a) for each violation of Labor Code § 510, alleged above, as well as any provision regulating hours and days of work in any order of the IWC.

190.     Pursuant to Labor Code § 2699.3(a)(1) and (2), on October 17, 2018, Plaintiff Monplaisir provided the Labor and Workforce Development Agency ("LWDA") with notice of his intention to file this claim.  Sixty-five calendar days have passed without notice from the LWDA.  Plaintiff Monplaisir satisfied the administrative prerequisites to commence this civil action in compliance with § 2699.3(a).

191.     Plaintiff Monplaisir seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and himself as set forth in Labor Code § 2699(g)(i).

192.     ITG is liable to Plaintiff Monplaisir, the putative Class, and the State of California for the civil penalties set forth in this Complaint, with interest thereon. Plaintiff Monplaisir is also entitled to an award of attorneys' fees and costs as set forth below.

193.     Wherefore, Plaintiff Monplaisir and the Class request relief as hereinafter provided.

1

2

**TWELFTH CAUSE OF ACTION**
**Penalties Pursuant to § 2699(f) of the Private Attorneys General Act**
**(By Plaintiff Monplaisir against Integrated Tech Group, LLC)**

3       194.    Plaintiff Monplaisir re-alleges and incorporates the foregoing paragraphs as though

4    fully set forth herein.

5       195.    Labor Code § 2699(f) provides:

6           For all provisions of this code except those for which a civil penalty
            is specifically provided, there is established a civil penalty for a
7           violation of these provisions, as follows: . . . (2) If, at the time of the
            alleged violation, the person employs one or more employees, the
8           civil penalty is one hundred dollars ($100) for each aggrieved
            employee per pay period for the initial violation and two hundred
9           dollars ($200) for each aggrieved employee per pay period for each
            subsequent violation.

10

11      196.    To the extent than any violation alleged herein does not carry penalties under Labor

12   Code § 2699(a), Plaintiff Monplaisir seeks civil penalties pursuant to Labor Code § 2699(f) for

13   Plaintiff Monplaisir and Class members each pay period in which he or she was aggrieved, in the

14   amounts established by Labor Code § 2699(f).

15      197.    Pursuant to Labor Code § 2699.3(a)(1) and (2), on October 17, 2018, Plaintiff

16   Monplaisir has provided the LWDA with notice of his intention to file this claim.   Sixty-five

17   calendar days have passed without notice from the LWDA. Plaintiff satisfied the administrative

18   prerequisites to commence this civil action in compliance with § 2699.3(a).

19      198.    Plaintiff Monplaisir seeks the aforementioned penalties on behalf of the State, other

20   aggrieved employees, and themselves as set forth in Labor Code § 2699(g)(i).

21      199.    ITG is liable to Plaintiff Monplaisir, the putative Class, and the State of California

22   for the civil penalties set forth in this Complaint, with interest thereon. Plaintiff Monplaisir is also

23   entitled to an award of attorneys' fees and costs as set forth below.

24      200.    Wherefore, Plaintiff Monplaisir and the Class request relief as hereinafter provided.

25   /././

26   /././

27   /././

28                                      /././

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

### THIRTEENTH CAUSE OF ACTION
**Violation of the PMWA**
**43 Pa. Stat. § 333 *et seq.;* 43 Pa. Stat. §§ 260.9a.(f) and 260.10**
**(By Plaintiff Francois and the Pennsylvania Class against Integrated Tech Group, LLC)**

201.    Plaintiff Francois re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

202.    At all times material herein, Plaintiff Francois and the Pennsylvania Class members are covered employees entitled to the protections provided under the PMWA. Pa. Stat. 43 § 333.103(h).

203.    ITG is a covered employer required to comply with the PMWA's mandates. Pa. Stat. 43 § 333.103(g).

204.    The PMWA defines "wages" as "compensation due to any employee by reason of his or her employment." Pa. Stat. 43 § 333.103(d).

205.    The PMWA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 43 Pa. Stat. §§ 333.104.104(a), (c).

206.    Under the PMWA, overtime is calculated based on the number of hours worked in a "workweek," which the Pennsylvania Department of Labor has defined as "a period of 7 consecutive days." 34 Pa. Code § 231.42.

207.    The PMWA also requires that ITG's hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other bases, at the rate of seven dollars and fifteen cents ($7.25) per hour commencing July 24, 2009. 43 Pa. Stat. §§ 333.103, 333.104, and 333.113.113.

208.    Pennsylvania Statute, Title 43, § 333.113 provides as follows:

> If any employe is paid by his or her employer less than the minimum wages provided by section 4 of this act or by any regulation issued thereunder, such worker may recover in a civil action the full amount of such minimum wage less any amount actually paid to the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between the employer and the worker to work for less than such minimum wage shall be no defense to such action.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

209.    Plaintiff Francois and the Pennsylvania Class are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the PMWA, has been applied to current and former non-exempt, hourly employees of ITG, working throughout Pennsylvania.

210.    ITG violates the PMWA with respect to Plaintiff Francois and the Pennsylvania Class, by, inter alia, failing to compensate Plaintiff Francois and the Pennsylvania Class for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. ITG also violates the PMWA by failing to keep required, true and accurate records of all hours worked by Plaintiff Francois and the Pennsylvania Class. Pa. Stat. 43 § 333.108

211.    ITG maintains policies and procedures that force Plaintiff Francois and the Pennsylvania Class members to work off the clock, without compensation – let alone the minimum wage. Due to their grueling work schedules and the systematic denial of piece rates and uncompensated, on duty time, Plaintiff Francois and the Pennsylvania Class members are routinely compensated at a rate that is less than the statutory minimum wage. 34 Pa. Code § 231.42.

212.    Plaintiff Francois and the Pennsylvania Class Members regularly work well in excess of forty hours per week.

213.    Plaintiff Francois and the Pennsylvania Class Members also pay expenses necessary to their employment with ITG, and are not reimbursed for these expenditures.

214.    The combination of long work schedules and unreimbursed expenses regularly result in payment at rates below the minimum wage, as determined by the PMWA.

215.    By failing to maintain adequate time records as required by the PMWA 43 § 333.108, ITG makes it difficult to calculate the minimum wage compensation due to Plaintiff and proposed Class Members.

216.    Plaintiff Francois and the Pennsylvania Class are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling,

1  because ITG acted willfully and knew or showed reckless disregard for whether the alleged

2  conduct was prohibited by the PMWA.

3      217.    As a result of the aforesaid violations of the PMWA's provisions, pay, including

4  minimum wage, straight time, and overtime compensation, has been unlawfully withheld by ITG

5  from Plaintiff Francois and the Pennsylvania Class. Accordingly, ITG is liable for unpaid wages,

6  attorneys' fees, and costs of this action.

7      218.    Wherefore, Plaintiff Francois and all aggrieved employees pray for relief as set

8  forth below.

9                     **FOURTEENTH CAUSE OF ACTION**
                **Violation of the Pennsylvania Wage Payment Collection Law**
10                       **43 Pa. Stat. § 260.1** *et seq.*
         **(By Plaintiff Francois and the Pennsylvania Class against Integrated Tech Group, LLC)**
11

12      219.    Plaintiff Francois re-alleges and incorporates the foregoing paragraphs as though

13  fully set forth herein.

14      220.    At all times material herein, Plaintiff Francois and the Pennsylvania Class members

15  are covered employees entitled to the protections provided under the PWPCL. Pa. Stat. 43 §

16  260.9a(a).

17      221.    ITG is a covered employer required to comply with the PMWA's mandates. Pa.

18  Stat. 43 § 260.1.

19      222.    The PWPCL defines "wages" as "[i]ncluding all earnings of an employee,

20  regardless of whether determined on time, task, piece, commission or other method of

21  calculation." Pa. Stat. 43 § 260.1.

22      223.    The PWPCL, Pa. Stat. 43 § 260.5(a), provides that:

23          Whenever an employer separates an employe from the payroll, or
            whenever an employe quits or resigns his employment, the wages or
24          compensation earned shall become due and payable not later than the
            next regular payday of his employer on which such wages would
25          otherwise be due and payable.  If requested by the employe, such
            payment shall be made by certified mail.
26

27      224.    Pursuant to the PWPCL, ITG is obligated to pay employees all wages and overtime

28  within 15 days of the end of the pay period. 43 P.S. § 260.3.

225. The PWPCL, Pa. Stat. 43 § 260.10, provides that:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employe of a proper claim or for sixty days beyond the date of the agreement, award or other act making wages payable, or where shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter, and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employe shall be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater.

226. The PWPCL, imposes a duty on employers to notify his employees of the time and place of payment and rate of pay to be paid. Pa. Stat. 43 § 260.4.

227. The PWPCL, Pa. Stat. 43 § 260.7, provides that "[n]o provision of this act shall in any way be contravened or set aside by a private agreement."

228. The PWPCL, Pa. Stat. 43 § 260.9a(b), provides that:

> Actions by an employe, labor organization, or party to whom any type of wages is payable to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction, by such labor organization, party to whom any type of wages is payable or any one or more employes for and in behalf of himself or themselves and other employes similarly situated, or such employe or employes may designate an agent or representative to maintain such action or on behalf of all employes similarly situated.  Any such employe, labor organization, party, or his representative shall have the power to settle or adjust his claim for unpaid wages.

229. ITG violates the PWPCL with respect to Plaintiff Francois and the Pennsylvania Class by, inter alia, failing to compensate Plaintiff Francois and the Pennsylvania Class for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium due on regular paydays designated in advance. ITG violates the PWPCL by failing to keep required, accurate records of all hours worked by Plaintiff Francois and the Pennsylvania Class.

230. By failing to notify Plaintiff Francois and the Pennsylvania Class members about the time and place for payment of their overtime hours, ITG violates the PWPCL and causes economic harm to Plaintiff Francois and the Pennsylvania Class members. Pa. Stat. 43 § 260.4.

231. ITG violates the PWPCL by failing to notify Plaintiff Francois and the Pennsylvania Class members that it did not intend to pay Plaintiff Francois and the Pennsylvania Class members at an overtime rate for working their scheduled overtime hours. Pa. Stat. 43 § 260.4.

232. As a result of the aforesaid violations of the PWPCL's provisions, Plaintiff Francois and the Pennsylvania Class members are entitled to recover all unpaid overtime wages, mandatory attorneys' fees and litigation costs, liquidated damages of twenty-five (25%) percent, and pre-judgment interest. Pa. Stat. 43 §§ 260.9a(b), 260.10.

233. Wherefore, Plaintiff Francois and all aggrieved employees pray for relief as set forth below.

## FIFTEENTH CAUSE OF ACTION
### Unjust Enrichment/Quantum Meruit
### Pennsylvania Common Law
### (By Plaintiff Francois and the Pennsylvania Class against Integrated Tech Group, LLC)

234. Plaintiff Francois re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

235. Allowing ITG to retain these unjust profits and other benefits would offend traditional notions of justice and fair play. Under these circumstances, it would be inequitable and unjust for ITG to retain the benefits and allowing it to do so would induce companies to engage in fraudulent and/or other wrongful conduct to increase profits.

236. ITG is in possession of funds and benefits that were wrongfully obtained from Plaintiff Francois and the Pennsylvania Class and such funds should be restored and/or disgorged as ill-gotten gains.

237. At all times material herein, ITG had a willful policy and practice of denying Plaintiff Francois and the Pennsylvania Class members full compensation, including compensation for job entries deleted by ITG's management.

238.    Plaintiff Francois and the Pennsylvania Class members are victims to ITG's willful policy and practice of requiring Technician Supervisors to eliminate Technicians' job codes and alter job codes to lower-paying entries to fabricate a higher rate of production to its customers.

239.    Moreover, Plaintiff Francois and the Pennsylvania Class members are subjected to unlawful deductions from their pay. ITG retains the benefits of its unlawful deductions from Plaintiff Francois and the Pennsylvania Class members under circumstances that render it inequitable and unjust for ITG to retain such benefits.

240.    ITG is unjustly enriched by subjecting Plaintiff Francois and the Pennsylvania Class members to such unlawful deductions and by benefiting from the time and effort Plaintiff Francois and the Pennsylvania Class members expend on uncompensated job tasks.

241.    As direct and proximate result of Defendant's unjust enrichment, Plaintiff Francois and the members of the Pennsylvania Class suffered injury and are entitled to reimbursement, restitution, and disgorgement from Defendant of the benefits conferred by Plaintiff Francois and the Pennsylvania Class.

242.    Wherefore, Plaintiff Francois and all aggrieved employees pray for relief as set forth below.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the Collective, and the Classes pray for relief as follows:

(a.)    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, California Labor Code, PMWA, PWPCL, and all other laws of the states of California and Pennsylvania;

(b.)    For a declaratory judgment that ITG violated the California Labor Code and public policy as alleged herein;

(c.)    For a declaratory judgment that ITG violated Business and Professions Code § 17200, *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

(d.)    For a declaratory judgment that ITG violated the Fair Labor Standards Act as alleged herein;

(e.)    For declaratory judgment that Plaintiffs and members of the Pennsylvania Class are entitled to the value, *quantum meruit*, of the services rendered by them to ITG;

(f.)    For an equitable accounting to identify, locate, and restore to all current and former Plaintiffs the wages they are due, with interest thereon;

(g.)    For an order awarding Plaintiffs, the Collective, Classes, and all aggrieved employees liquidated and compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiffs, the Collective, and the Classes, together with interest on these amounts, according to proof;

(h.)    For an order awarding Plaintiffs and members of the Pennsylvania Class liquidated damages pursuant to the PWPCL in an amount equal to either $500.00 per violation or 25% of the wages owed, whichever is greater;

(i.)    For an order awarding Plaintiffs, the Collective and the Classes civil penalties pursuant to the FLSA with interest thereon;

(j.)    For an order awarding Plaintiffs and the California Class civil penalties pursuant to the Labor Code provisions cited herein, with interest thereon;

(k.)    For an order awarding Plaintiffs and the California Class exemplary damages pursuant to California law;

(l.)    For an award of reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, PWPCL § 9.1, the FLSA, laws of the state of California, and/or other applicable law;

(m.)    For an award of liquidated damages pursuant to the FLSA;

(n.)    For all costs of suit;

(o.)    For interest on any damages and/or penalties awarded, as provided by applicable law; and

(p.)    For such other and further relief as this Court deems just and proper.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Monplaisir, et al. v. Integrated Tech Group, LLC*

1    Date: March 21, 2019                    Respectfully submitted,

2

3                                            */s/ Carolyn H. Cottrell*
                                             Carolyn H. Cottrell
4                                            Ori Edelstein
                                             Michelle S. Lim
5                                            SCHNEIDER WALLACE
                                             COTTRELL KONECKY
6                                            WOTKYNS LLP

7                                            Sarah R. Schalman-Bergen (*pro hac vice* to be submitted)
                                             Stacy Savett (*pro hac vice* to be submitted)
8                                            Shoshana Savett (*pro hac vice* to be submitted)
                                             BERGER & MONTAGUE, P.C.

9                                            Attorneys for Plaintiffs, the Collective,
10                                           and putative Classes

11

12

13                            **DEMAND FOR JURY TRIAL**

14        Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs, the

15   Collective, and the Classes are entitled to a jury.

16

17   Date: March 21, 2019                    Respectfully submitted,

18

19                                           */s/ Carolyn H. Cottrell*
                                             Carolyn H. Cottrell
20                                           Ori Edelstein
                                             Michelle S. Lim
21                                           SCHNEIDER WALLACE
                                             COTTRELL KONECKY
                                             WOTKYNS LLP
22

23                                           Sarah R. Schalman-Bergen (*pro hac vice* to be submitted)
                                             Stacy Savett (*pro hac vice* to be submitted)
24                                           Shoshana Savett (*pro hac vice* to be submitted)
                                             BERGER & MONTAGUE, P.C.

25                                           Attorneys for Plaintiffs, the Collective,
                                             and putative Classes
26

27

28