# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DESIDERO SOTO, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>O.C. COMMUNICATIONS, INC.,<br><br>                    Defendant. | Case No.  17-cv-00251-VC<br><br>**ORDER GRANTING CONDITIONAL FLSA COLLECTIVE ACTION CERTIFICATION**<br><br>Re: Dkt. Nos. 105, 112, 116 |

Plaintiffs Desidero Soto, Steven Stricklen and Steeve Fondrose move for conditional certification to proceed as an opt-in collective action pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act and seek approval for a notice to be mailed to the potential collective action members.  Soto, Stricklen and Fondrose are technicians employed by defendant O.C. Communications, Inc., a contractor to cable providers.  Technicians for O.C. Communications perform a number of tasks related to the installation and repair of cable and other communication services.  *See, e.g.*, Dkt. No. 105-7, Decl. of Steven Stricken ¶ 7.

I. Conditional Certification

At this initial stage, the standard for certification of the collective action is lenient and usually results in the grant of conditional certification.  *See Brown v. Permanente Medical Group, Inc.*, 2017 WL 1536493, at *1 (N.D. Cal. 2017).  "The Court determines only whether the plaintiffs are 'similarly situated,' deciding whether a collective action should be certified for the purpose of sending notice of the action to potential class members."  *Guilbaud v. Sprint/United Management Co., Inc.*, 2014 WL 10676582, at *1 (N.D. Cal. 2014).  "District courts have held that conditional certification requires only that plaintiffs make substantial

allegations that the putative class members were subject to a single illegal policy, plan or decision." *Harris v. Vector Marketing Corp.*, 716 F. Supp. 2d 835, 837 (N.D. Cal. 2010) (quoting *Murilo v. Pacific Gas & Elec. Co.*, 266 F.R.D. 468, 470 (E.D. Cal. 2010)). "A plaintiff need not submit a large number of declarations or affidavits to make the requisite factual showing that class members exist who are similarly situated to him. A handful of declarations may suffice." *Heath v. Google Inc.*, 215 F. Supp. 3d 844, 851 (N.D. Cal 2016).

Here, the plaintiffs have met their minimal burden. The plaintiffs have alleged that O.C. Communications, as a matter of company policy, has not compensated technicians for meal periods, has not reimbursed technicians for business expenses, has not for compensated technicians both pre- and post-shift work, and has undercompensated technicians by misclassifying performed tasks. Each of these allegations is supported by declarations of former technicians and technician supervisors, including technicians in both California and Florida.[1] For example, the plaintiffs' allegation that technicians are not compensated for time spent while at company warehouses at the beginning of their shifts is supported by the declarations of ten O.C. Communications technicians. *See, e.g.*, Dkt. No. 105-9, Decl. of Carlos Rios at ¶¶ 9-10; Decl. of Steven Stricklen at ¶¶ 8-9; Dkt. No. 105-10, Decl. of Trever Tranberg at ¶¶ 8-9; Dkt. No. 105-15, Decl. of Pedro Vieira at ¶¶ 8-10.

O.C. Communications argues that if conditional certification is granted, the class should be limited to technicians who have worked in California. But the plaintiffs have provided sufficient evidence here to conditionally certify a collective of all technicians nationwide. The Plaintiffs have provided significant evidence that O.C. Communications technicians in California and Florida are similarly situated. The Plaintiffs have submitted evidence that technicians in both states were required to work during their uncompensated lunch breaks. *Compare* Decl. of Pedro Vieira at ¶¶ 17-19 *with* Decl. of Carlos Rios at ¶¶ 14-16. The Plaintiffs also provided evidence that technicians in both states were required to return to the warehouse after completing

---

[1] It is appropriate to consider these declarations in connection with this motion, notwithstanding the evidentiary objections by O.C. Communications. *Heath*, 215 F. Supp. 3d at 853.

their last task, but were not compensated for this time.  *Compare* Dkt. No. 105-11, Decl. of Jacky Charles at ¶ 15 *with* Dkt. No. 105-6, Decl. of Desidero Soto at ¶ 14.  Moreover, the COO of O.C. Communications has testified that technicians in all five states have been paid using the same general compensation system.  Dkt. No. 105-3, Depo. of Larry Wray at 8:7-12, 77:13-25.  Given the lenient standard applied at this stage, this evidence is sufficient to conditionally certify a nationwide collective, including all technicians in California, Florida, Utah, Arizona, and Washington.  *See Gilbert v. Citigroup, Inc.*, No. 08-CV-0385-SC, 2009 WL 424320, at *5 (N.D. Cal. 2009) (proposed nationwide class granted where plaintiffs only submitted declarations from employees in single state); *Adams v. Inter-Con Sec. Systems, Inc.*, 242 F.R.D. 530, 538-39 (N.D. Cal. 2007) ("[T]here is no requirement that plaintiffs must provide equal amounts of evidence for every facility.").

The Court will resolve the equitable tolling issue at a later date and will review the revised proposed notice after it is submitted by Plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: August 31, 2017

_____

VINCE CHHABRIA
United States District Judge