# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONPLAISIR, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>INTEGRATED TECH GROUP, LLC and ITG COMMUNICATIONS LLC,<br><br>　　　　Defendants. | Case No. 3:19-cv-01484-WHA<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND TO FACILITATE NOTICE PURSUANT TO 29 U.S.C. § 216(b)**<br><br>Judge: Hon. William Alsup<br>Date: July 25, 2019<br>Time: 8:00 a.m.<br>Ctrm.: 12, 19th Floor<br><br>Complaint Filed:　March 21, 2019<br>Trial Date:　　　None |

# [PROPOSED] ORDER

The Court, having received and considered Plaintiff's Motion for Conditional Certification and to Facilitate Notice Pursuant to 29 U.S.C. § 216(b) ("Motion"), including all papers and argument submitted in support of and in opposition to the Motion, HEREBY GRANTS the Motion and issues the following FINDINGS and ORDERS:

1. Plaintiff asserts claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), seeking to remedy alleged minimum wage and overtime violations. Plaintiff moves this Court for an Order that notice should issue to all current and former employees of Defendants Integrated Defendants Integrated Tech Group, LLC and ITG Communications LLC (collectively "ITG") who worked as Technicians throughout the United States during the time period three years prior to the filing of the Complaint through the present ("Collective" or "Technicians"), to alert them of their rights to file an Opt-In consent form to toll the statute of limitations on their FLSA claims.

2. Through the allegations in the Complaint and materials submitted in support of the underlying Motion – including the declarations submitted therewith – the Court finds that Plaintiff have met the "fairly lenient standard" at this stage of the litigation, *Escobar v. Whiteside Const. Corp.*, No. C 08-01120 WHA, 2008 WL 3915715 (N.D. Cal. Aug. 21, 2008), and have shown that Plaintiff and the proposed Collective of Technicians are "similarly situated" and "may proceed in a collective" because "they share a similar issue of law or fact material to the disposition of their FLSA claims." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1117 (9th Cir. 2018). As such, Plaintiff's Motion is GRANTED and the proposed Collective is HEREBY conditionally certified as FLSA collective action.

3. Pursuant to *Hoffman-LaRoche v. Sperling*, 439 U.S. 165 (1989), notice should issue to the proposed FLSA Collective. The proposed Notice of Collective Action Lawsuit and Text Message Notice (collectively, "Notice") and Opt-In Consent Form submitted by Plaintiff is sufficient and consistent with others found proper in this District. As such, Plaintiff's proposed Notice and Opt-In Consent Form, attached as Exhibits D, E, and F to the Declaration of Ori

Edelstein In Support of Plaintiff's Motion for Conditional Certification and to Facilitate Notice Pursuant to 29 U.S.C. § 216b(b), are HEREBY approved.

4. Within fourteen (14) days of this Order, Defendants shall provide to Plaintiff's counsel a computer-readable database that includes the names of all proposed Collective members, along with their last known mailing addresses, all known email addresses, all known telephone numbers, social security numbers, and dates of employment.

5. Within ten (10) business days of receiving the electronic database, Plaintiff shall cause the Notice and Opt-In Consent Form to be sent via regular mail (with an enclosed self-addressed stamped return envelope), email, and text message to all Technicians who performed work within three years prior to the date of this Order who have not already filed Opt-In Consent Forms on the docket (the "Notice Date"), and Plaintiff's counsel may utilize a third-party Notice Administrator for this purpose. Plaintiff's counsel and/or the Notice Administrator may undertake reasonable efforts to attempt to locate Technicians for whom Notices are returned as undeliverable.

6. All Technicians shall have ninety (90) days after the date on which the Notice and Consent Forms are sent to return their Opt-In Consent Forms to Plaintiff's counsel / the Notice Administrator (received or postmarked). Technicians may return their Opt-In Consent Forms by mail, electronic mail, or facsimile, and they may execute and submit their Opt-In Consent Forms online through an electronic signature service that will be established by Plaintiff's counsel or the Notice Administrator.

7. A duplicate copy of the Notice and Opt-In Consent Form may be sent as a reminder notice forty-five days after the Notice Date to Technicians who have not returned their Opt-In Consent form as of that date.

8. By the Notice Date, Defendants shall post a copy of the Notice in appropriate, conspicuous, visible, and accessible places at each of its offices or other locations in which Collective Members currently work and maintain such posting throughout the ninety (90)-day notice period.

9. All Opt-In Consent Forms will be deemed to have been filed with the Court the date that they are stamped as received by Plaintiff's counsel or the Notice Administrator. Plaintiff's counsel shall file the Consent Forms with the Court on an ongoing basis and no later than two weeks after the end of the 90-day notice period.

**IT IS SO ORDERED.**

Dated: _____

THE HONOROABLE WILLIAM ALSUP
United States District Judge
Northern District of California