KEVIN R. ALLEN / CA SB# 237994
**ALLEN ATTORNEY GROUP**
2121 N. California Blvd., Suite 290
Walnut Creek CA 94596
Telephone: (925) 695-4913
Facsimile: (925) 334-7477
kevin@allenattorneygroup.com

AUDREY A. GEE/ CA SB# 180988
DAVID M. MARCHIANO / CA SB# 264809
**BROWN, GEE & WENGER LLP**
200 Pringle Avenue, Suite 400
Walnut Creek CA 94596
Telephone: (925) 943-5000
Facsimile: (925) 933-2100
agee@bgwcounsel.com
dmarchiano@bgwcounsel.com

Attorneys for Defendants
INTEGRATED TECH GROUP, LLC and
ITG COMMUNICATIONS LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| PAUL MONPLAISIR, JACKY CHARLES, and STERLING FRANCOIS, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> INTEGRATED TECH GROUP, LLC and ITG COMMUNICATIONS LLC, <br><br> Defendants. | CASE NO. 3:19-cv-01484-WHA <br><br> **DECLARATION OF GISSEL RIVERA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND TO FACILITATE NOTICE PURSUANT TO 29 U.S.C. § 216(b)** <br><br> Date: August 1, 2019 <br> Time: 8:00 a.m. <br> Courtroom: 12, 19th Floor |

I, Gissel Rivera, declare the following:

1. I am currently employed by ITG Communications, LLC ("ITG" or "Company") as Human Resources Manager. I have personal knowledge of the facts set forth in this

---

DECLARATION OF GISSEL RIVERA      3:19-cv-01484-WHA

1

Declaration based on my review of Company records, and I could and would testify competently to these facts if called upon to do so.

2. ITG is a cable installation contractor based in Gallatin, Tennessee.

3. ITG installs cable and communications equipment for cable operators throughout the United States.

4. Based on my review of Company records, I am informed and believe that there are over 2,686 former and current technicians who worked for ITG at some point between March 21, 2016 and June 25, 2019. They worked across the United States in at least 10 states, 20 separate offices, and under dozens of different managers and supervisors.

5. ITG employees have been signing binding arbitration agreements since approximately January 1, 2017 as part of the onboarding and hiring process. Attached hereto as **Exhibit A** is a true and correct copy of the arbitration agreement signed by all employees starting on or after January 1, 2017. It is the only arbitration agreement ITG has used during this period. It contains a class and collective action waiver.

6. In my capacity as HR Manager, I also have access to ITG's employment records for ITG employees. Based on my review of ITG's employment records and the fact all new ITG employees starting or about January 1, 2017 signed arbitration agreements, I estimate that 1,401 potential collective members signed arbitration agreements identical to Exhibit A to my declaration, waiving their right to proceed collectively.

7. As of June 25, 2019, 56 putative collective members have opted in to the lawsuit by filing a consent form with the Court, the vast majority of which waived their right to proceed collectively by signing arbitration agreements identical to Exhibit A to my declaration.

8. ITG's attorneys provided to Plaintiff's counsel arbitration agreements signed by Jacky Charles and Sterling Francois.

9. ITG's policy is that employees work only on the clock.

10. ITG has not paid, and does not currently pay, any of its Technicians a "piece rate."

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct.

Executed on July 1, 2019, at Hialeah, Florida.

/s/ *Gissel Rivera*
Gissel Rivera

## SIGNATURE ATTESTATION

I hereby attest that all signatories listed above, on whose behalf this declaration is submitted, concur in the filing's content and have authorized the filing.

DATED: July 1, 2019                    BROWN, GEE & WENGER LLP


/s/ *David M. Marchiano*
DAVID M. MARCHIANO
Attorneys for Defendants
INTEGRATED TECH GROUP, LLC and
ITG COMMUNICATIONS LLC

**EXHIBIT A**

## Mutual Agreement to Arbitrate Employment-Related Disputes

This Mutual Agreement to Arbitrate Disputes ("Agreement") is made and entered into as of 06-13-17 (the "Effective Date") by and between INTEGRATED TECH GROUP, LLC, a Delaware limited liability company, (the "Employer") and Jacky Charles, an individual (the "Employee") (the Employer and the Employee are collectively referred to herein as the "Parties"). For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Intent of the Agreement</u>. It is the intent of Employee and the Employer that this Agreement will govern the resolution of all disputes, claims and any other matters in question arising out of or relating to the Parties' employment relationship or termination of that relationship, including, without limitation, the breach, termination or validity of any agreement. The Parties shall resolve all disputes arising out of or relating to the Parties' employment relationship or termination of that relationship in accordance with the provisions of this Agreement.

2. <u>Mandatory Arbitration</u>. Employer and Employee agree that any controversy, claim, complaint, or dispute that arises out of or relates in any way to the Parties' employment relationship, including, without limitation, the breach, termination or validity of any agreement, whether based in contract, tort, federal, state, or municipal statute, fraud, misrepresentation or any other legal theory shall be submitted to binding arbitration to be held in _____, and administered by the American Arbitration Association in accordance with its Employment Arbitration Rules and Mediation Procedures applicable at the time the arbitration is commenced (the "Rules"). A copy of the current version of the American Arbitration Association Employment Arbitration Rules and Mediation Procedures is attached hereto as Exhibit 1. The Rules may be amended from time to time and are also available online at https://www.adr.org/aaa/ShowProperty?nodeId=UCM_ADRSTG_004362. You can also call the American Arbitration Association Labor & Employment Support line at 888.774.6904 if you have questions about the arbitration process. To the extent the Rules are inconsistent with the terms of this Agreement, the terms of this Agreement shall govern.

3. <u>Covered Claims</u>. This Agreement to arbitrate covers all controversies, grievances, disputes, claims, or causes of action (collectively, "Claims") that otherwise could be brought in a federal, state, or local court or agency under applicable federal, state, or local laws, arising out of or relating to Employee's employment with the Employer and the termination thereof, including claims Employee may have against the Employer or against its officers, directors, supervisors, managers, employees, or agents in their capacity as such or otherwise, or that the Employer may have against Employee. The Claims covered by this Agreement include, but are not limited to, claims for breach of any contract or covenant (express or implied), tort claims, claims for wages or other compensation due, claims for wrongful termination (constructive or actual), claims for discrimination or harassment (including, but not limited to, harassment or discrimination based on race, age, color, sex, gender, national origin, alienage or citizenship status, creed, religion, marital status, partnership status, military status, predisposing genetic characteristics, medical condition, psychological condition, mental condition, criminal accusations and convictions, disability, sexual orientation, or any other trait or characteristic protected by federal, state, or

1

local law), claims for violation of any federal, state, local or other governmental law, statute, regulation, or ordinance, including, but not limited to, all claims arising under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Fair Labor Standards Act, as amended, the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended, the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the Age Discrimination in Employment Act, as amended, the Uniform Services Employment and Reemployment Rights Act, as amended, the Genetic Information Nondiscrimination Act, the Florida Civil Rights Act of 1992, the Florida Private Whistleblower Act, the retaliation provision of the Workers Compensation Statute, the Consolidated Omnibus Budget Reconciliation Act of 1985, Employee Retirement Income Security Act, all of their respective implementing regulations and any other federal, state, local, or foreign law (statutory, regulatory, or otherwise). Without limiting the generality of the foregoing, the Parties specifically agree that all claims under the Florida Minimum Wage Act and the Florida Equal Pay Act, including, but not limited to, claims for overtime, unpaid wages, and claims involving meal and rest breaks shall be subject to this Agreement. Claims are covered by this Agreement regardless of whether they have already accrued or will accrue in the future.

4. **Claims Not Covered.** Claims not covered by this Agreement are claims for workers' compensation, unemployment compensation benefits or any other claims that, as a matter of law, the Parties cannot agree to arbitrate. Nothing in this Agreement shall be interpreted to mean that Employee is precluded from filing complaints with the Florida Commission on Human Relations, any Florida Fair Employment Practices Agency and/or the federal Equal Employment Opportunity Commission and National Labor Relations Board.

5. **Waiver of Class Action and Representative Action Claims.** Except as otherwise required under applicable law, Employee and Employer expressly intend and agree that: (a) collective action, class action and representative action procedures shall not be asserted, nor will they apply, in any arbitration pursuant to this Agreement; (b) each will not assert collective action, class action or representative action claims against the other in arbitration or otherwise; and (c) Employee and Employer shall only submit their own, individual claims in arbitration and will not seek to represent the interests of any other person. Further, Employee and Employer expressly intend and agree that any claims by the Employee will not be joined, consolidated, or heard together with claims of any other employee. Notwithstanding anything to the contrary in the Rules, and the general grant of authority to the arbitrator of the power to determine issues of arbitrability, the arbitrator shall have no jurisdiction or authority to compel any class or collective claim, to preside over any form of representative, collective, or class proceeding, or to consolidate different arbitration proceedings or to join any other party to an arbitration between Employer and Employee. Notwithstanding the Arbitrator's power to rule on its own jurisdiction and the validity or enforceability of this Agreement, the Arbitrator has no power to rule on the validity or enforceability of this paragraph. In the event the prohibition on class arbitration is deemed invalid or unenforceable, then this entire Agreement will be null and void.

6. **Waiver of Trial by Jury.** The Parties understand and fully agree that by entering into this Agreement to arbitrate; they are giving up their constitutional right to have a trial by jury, and are giving up their normal rights of appeal following the rendering of the arbitrator's

award except as applicable law provides for judicial review of arbitration proceedings. The Parties anticipate that by entering into this Agreement, they will gain the benefits of a speedy and less expensive dispute resolution procedure.

7. <u>Claims Procedure</u>. Arbitration shall be initiated upon the express written notice of either party. The aggrieved party must give written notice of any claim to the other party. Written notice of an Employee's claim shall be mailed by certified or registered mail, return receipt requested, to the Employer's _____ _____ at _____ ("**Notice Address**"). Written notice of the Employer's claim will be mailed to the last known address of Employee. The written notice shall identify and describe the nature of all claims asserted and the facts upon which such claims are based. Written notice of arbitration shall be initiated within the same time limitations that the law applies to those claim(s).

8. <u>Arbitrator Selection</u>. The Arbitrator shall be selected as provided in the Rules.

9. <u>Discovery</u>. The Rules regarding discovery shall apply to arbitration under this Agreement. The Arbitrator selected according to this Agreement shall decide all discovery disputes.

10. <u>Substantive Law</u>. The Arbitrator shall apply the substantive state or federal law (and the law of remedies, if applicable) as applicable to the claim(s) asserted. Claims arising under federal law shall be determined in accordance with federal law. Common law claims shall be decided in accordance with Florida substantive law, without regard to conflict of laws principles.

11. <u>Motions</u>. The Arbitrator shall have jurisdiction to hear and rule on prehearing disputes and is authorized to hold prehearing conferences by telephone or in person as the Arbitrator deems necessary. The Arbitrator shall have the authority to set deadlines for filing motions for summary judgment, and to set briefing schedules for any motions. The Arbitrator may allow the filing of a dispositive motion if the Arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case. The Arbitrator shall have the authority to adjudicate any cause of action, or the entire claim, pursuant to a motion for summary adjudication and in deciding the motion, shall apply the substantive law applicable to the cause of action.

12. <u>Compelling Arbitration Enforcing Award</u>. Either party may ask a court to stay any court proceeding, to compel arbitration under this Agreement and to confirm, vacate, or enforce an arbitration award and each party shall bear its own attorney fees and costs, and other expenses of such action. Notwithstanding the foregoing, to the extent the statute on which a claim is based provides for the recovery of attorneys' fees, attorneys' fees may be awarded with respect to such claim. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

13. <u>Confidentiality</u>. Each Party irrevocably stipulates to the confidential nature of the arbitral award and proceedings and further stipulate that the award and any papers of the proceedings can be filed under seal. Except as may be required by law, neither a party nor an

arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both parties.

14. <u>Arbitration Fees and Costs</u>. Employer shall be responsible for the arbitrator's fees and expenses. Each party shall pay its own costs and attorneys' fees, if any. However, if any party prevails on a statutory claim that affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the Arbitrator may award reasonable attorneys' fees in accordance with the applicable statute or written agreement. The Arbitrator shall resolve any dispute as to the reasonableness of any fee or cost that may be awarded under this paragraph.

15. <u>Term of Agreement</u>. This Agreement to arbitrate shall survive the termination of Employee's employment. It can only be revoked or modified in writing signed by both Parties that specifically states an intent to revoke or modify this Agreement and is signed by Jack Cheadle.

16. <u>Severability</u>. If any provision of this Agreement to arbitrate is adjudged to be void or otherwise unenforceable, in whole or in part, the void or unenforceable provision shall be severed and such adjudication shall not affect the validity of the remainder of this Agreement to arbitrate.

17. <u>Voluntary Agreement</u>. By executing this Agreement the Parties represent that they have been given the opportunity to fully review, and comprehend the terms of this Agreement. The Parties understand the terms of this Agreement and freely and voluntarily sign this Agreement. Employee acknowledges that it has been advised to seek independent counsel to review the terms of this Agreement, and that Employee has either sought such independent counsel or has voluntarily waived Employee's right to seek such independent counsel.

18. <u>Counterparts</u>. This Agreement may be executed in separate counterparts and such counterparts, when presented together, shall constitute a complete executed agreement. In addition, facsimile signatures shall be as effective as originals with respect to the interpretation and/or enforcement of this Agreement.

*[Remainder Of Page Intentionally Left Blank. Signature Page Follows.]*

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date above.

INTEGRATED TECH GROUP, LLC

By: Jessika Quesada
Name: *[signature]*
Title: Admin

EMPLOYEE
Signature: *[signature]*
Print Name: Jackh Charles

5

EXHIBIT 1

The Rules

[See Attached]