KEVIN R. ALLEN / CA SB# 237994
**ALLEN ATTORNEY GROUP**
2121 N. California Blvd., Suite 290
Walnut Creek CA 94596
Tel: (925) 695-4913 / Fax: (925) 334-7477
kevin@allenattorneygroup.com

AUDREY A. GEE/ CA SB# 180988
DAVID M. MARCHIANO / CA SB# 264809
**BROWN, GEE & WENGER LLP**
200 Pringle Avenue, Suite 400
Walnut Creek CA 94596
Tel: (925) 943-5000 / Fax: (925) 933-2100
agee@bgwcounsel.com
dmarchiano@bgwcounsel.com

Attorneys for Defendants
INTEGRATED TECH GROUP, LLC and
ITG COMMUNICATIONS LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

| | |
|---|---|
| PAUL MONPLAISIR, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>INTEGRATED TECH GROUP, LLC and ITG COMMUNICATIONS LLC,<br><br>                              Defendants. | CASE NO. 3:19-cv-01484-WHA<br><br>**OBJECTIONS TO DECLARATION OF MARCUS BRYDIE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND TO FACILITATE NOTICE PURSUANT TO 29 U.S.C. § 216(b)**<br><br>Date:         June 20, 2019<br>Time:        11:00 a.m.<br>Courtroom:  12, 19th Floor |

Defendants INTEGRATED TECH GROUP, LLC and ITG COMMUNICATIONS LLC (Collectively, "Defendants"), in support of their Opposition to Plaintiffs' Motion for Conditional Certification and to Facilitate Notice Pursuant to 29 U.S.C § 216(b), submits the following objections and responses to the Declaration of Marcus Brydie filed on behalf of Plaintiffs on June 7, 2019. [DKT. 41-10]

1

| OBJECTED-TO PORTION OF BRYDIE DECLARATION | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
| ¶6. ITG required that I underreport my time, resulting in a substaintial number of hours worked for which I was not compensated. ITG told me to enter that my beginning time was typically an hour after I actually started working, and ITG typically required me to enter that I stopped working several hours before I actually stopped working. Specifically, Technician Supervisors instructed me to reduce my true hours worked in order to show higher production and increase my hourly rate. My Supervisors, Carmen, Junior and Huen, told me I was not allowed to clock in until 8:00 a.m. although I started working over an hour and a half (1.5 hours) earlier. My Supervisors, both Junior and Carmen, and my Manager Frank, told me to enter less hours and this would show higher production. Frank said, "the more jobs you complete, the more you get paid and to keep my hours down." | Hearsay. [Fed. R. Evid. 801 & 802.] | ☐ Sustained<br>☐ Overruled |
| ¶9. Approximately one day per week, I was also required to report to the warehouse even earlier so that ITG could perform an | Hearsay. [Fed. R. Evid. 801 & 802.] | ☐ Sustained<br>☐ Overruled |

2

OBJECTIONS TO DECLARATION OF MARCUS BRYDIE                   Case No. 3:19-cv-01484-WHA

| | | |
|---|---|---|
| inventory of the equipment in my vehicle and so I could obtain additional equipment, e.g., modems, cable boxes, remotes, cable cords, coax cables, telephone line cubes, electrical tap, stickers, signs, nails, silicone, Ethernet cable, amplifiers, tie wrap, ground wire, DVR boxes, grounders (for aerial drops), splitters, fittings, plastic moldings and wood putty from ITG. My Supervisors, Carmen, Junior (Hemberto) and Huen instructed me not to enter the time spent during these inventory check-ins on my time sheets. As a result, I was not paid for those additional hours of work. | | |
| ¶10. My Supervisors Carmen, Junior (Hemberto) and Huen required me to attend mandatory weekly meetings to discuss installations and ways to increase productivity. These meetings were typically between forty (40) minutes to one hour and a half (1.5 hours) each week. I do not believe that I was paid for attending these meetings. | Lacks personal knowledge, lacks foundation, and calls for speculation. [Fed. R. Evid. 602.] | ☐ Sustained<br>☐ Overruled |
| ¶13. During the course of the day, ITG sometimes added or removed my job assignments from Tech Net, and later Tech 360. Throughout my employment there | Lacks personal knowledge, lacks foundation, and calls for speculation. [Fed. R. Evid. 602.] | ☐ Sustained<br>☐ Overruled |

3

OBJECTIONS TO DECLARATION OF MARCUS BRYDIE                   Case No. 3:19-cv-01484-WHA

| | | |
|---|---|---|
| were many times I would click on an assigned job, accept the job, enter the job location in the GPS, and drive to the customer's home. When I arrived at the job and parked the truck outside the customer's home, I would then sign into the job. Between two (2) and three (3) times a week, ITG removed the job from the system after I had already arrived at the customer's home. I typically waited an extra thirty (30) minutes for the job to come back, but it rarely did, even after I complained to my Supervisor. I do not believe that I was paid for the time spent driving to the canceled job or waiting for it to come back. | | |
| ¶14. Similarly, jobs were also taken away from me when I was in the middle of a job or had completed the job, but had not yet signed into Tech Net or Tech 360 to enter that I completed the job. I would call my Supervisor on duty, either Carmen, Junior or Huen, to complain and this was rarely resolved. I do not believe that I was paid for the time spent on these jobs. | Lacks personal knowledge, lacks foundation, and calls for speculation. [Fed. R. Evid. 602.] | ☐ Sustained<br>☐ Overruled |
| ¶16. My day usually ended between 7:30 p.m. and 8:30 p.m. I would drive home after completing my last job except for once | Lacks personal knowledge, lacks foundation, and calls for speculation. [Fed. R. | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| every other week I would drive to the warehouse after my last job to return equipment and for ITG to check the status of the equipment. This usually took me about two (2) hours due to the long lines. I do not believe I was paid for this time. | Evid. 602.] | |
| ¶19. Managers and Supervisors did not enforce a 30-minute meal period. Instead, I was directed by my Supervisors, Carmen, Junior and Huen, to work through my meal periods. Any time I took to eat would typically take place while I was driving from one job to another, and even then, I was required to have my phone on me at all times and be available to respond to any work calls. | Hearsay. [Fed. R. Evid. 801 & 802.] | ☐ Sustained<br>☐ Overruled |
| ¶20. I was considered "on duty" and I generally worked through my meal breaks. I do not believe I was paid appropriately. | Lacks personal knowledge, lacks foundation, and calls for speculation. [Fed. R. Evid. 602.] | ☐ Sustained<br>☐ Overruled |
| ¶22. My Supervisor instructed me to continue working until each job was finished. Once I would finish one job, I was instructed to move on to the next job. I was not allowed rest breaks. | Hearsay. [Fed. R. Evid. 801 & 802.] | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| ¶23. I do not believe that I was paid for working through my rest breaks. I was considered "on duty" and, although I worked through my rest breaks. I do not believe I was paid appropriately. | Lacks personal knowledge, lacks foundation, and calls for speculation. [Fed. R. Evid. 602.] | ☐ Sustained<br>☐ Overruled |
| ¶24. ITG required me to attend a full day, mandatory orientation session to familiarize myself to ITG's policies and practices. The orientation took a full day to complete and I do not believe that I was compensated for this time. | Lacks personal knowledge, lacks foundation, and calls for speculation. [Fed. R. Evid. 602.] | ☐ Sustained<br>☐ Overruled |
| ¶27. ITG would regularly delete codes for tasks I had completed, or change the codes to a lower paying code. My Supervisors, Carmen, Junior and Huen, would instruct me not to enter a code at all, even though I completed the corresponding task. My Supervisors, Carmen, Junior and Huen, told me not to enter any codes when assisting other Technicians with jobs. | Hearsay. [Fed. R. Evid. 801 & 802.] | ☐ Sustained<br>☐ Overruled |
| ¶28. My finalized time entries were not accurate and showed a lower number of hours than I actually worked. My time entries either omitted or underreported the actual amount of time I spent: attending orientation and training, working prior to my shifts, taking any meal break, working | Lacks personal knowledge, lacks foundation, and calls for speculation. [Fed. R. Evid. 602.] | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| on jobs that took over two hours, and driving to and between jobs. | | |
| ¶29. I did not receive accurate wage statements. My pay stubs showed several regular and overtime rates, but they did not reflect my specific tasks or jobs. My pay stubs did not include all the hours I worked, compensation for missed meal and rest periods, or all of the jobs or tasks I completed. | Lacks personal knowledge, lacks foundation, and calls for speculation. [Fed. R. Evid. 602.] | ☐ Sustained<br>☐ Overruled |
| ¶34. I believe that ITG made other deductions from my pay. For example, if a customer called back with the same service issue, or something was not working properly, I believe replacement parts were deducted. I also believe that I was charged for equipment I never lost, and damage to a customer's home that never occurred. I could see the deductions on Penguin and would complain to my Supervisors, Carmen, Junior and Huen; but these issues would not get resolved. Once ITG transitioned to Fuse, I was not able to see any deductions. I believe that ITG continued to make these deductions. | Lacks personal knowledge, lacks foundation, and calls for speculation. [Fed. R. Evid. 602.] | ☐ Sustained<br>☐ Overruled |

                          Respectfully submitted,

Dated:  July 1, 2019                BROWN, GEE & WENGER LLP

                          */s/ David M. Marchiano*

                          AUDREY A. GEE
                          DAVID M. MARCHIANO
                          Attorneys for Defendants
                          INTEGRATED TECH GROUP, LLC and
                          ITG COMMUNICATIONS LLC