Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Michelle S. Lim (SBN 315691)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

Sarah R. Schalman-Bergen (*pro hac vice*)
Krysten Connon (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone:  (215) 875-3000
Facsimile: (215) 875-4604
Sschalman-bergen@bm.net
KConnon@bm.net

Attorneys for Plaintiff, the Collective, and putative Class, and Aggrieved Employees on behalf of the State of California

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL MONPLAISIR, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INTEGRATED TECH GROUP, LLC and ITG COMMUNICATIONS LLC,<br><br>Defendants. | Case No.: 3:19-cv-01484-WHA<br><br>**DECLARATION OF STACY SAVETT**<br><br>Judge: Hon. William Alsup<br><br>Complaint Filed: March 21, 2019<br>Trial Date: October 19, 2020 |

## DECLARATION OF STACY SAVETT

I, STACY SAVETT, have personal knowledge of the facts stated in this declaration and would testify to those facts if called upon to do so.

1. I am a Staff Attorney at Berger Montague PC, which, along with co-counsel Schneider Wallace Cottrell Konecky Wotkyns LLP represents Plaintiff in the instant wage and hour litigation.

2. I am submitting this declaration in connection with Plaintiff's Response to Defendant ITG's Discovery Letter Brief, ECF No. 110.

3. I have undertaken efforts to connect with individuals that ITG noticed and/or otherwise requested for deposition, as summarized below:

   a. John Cason: Mr. Cason is scheduled to be deposed on December 4, 2019, at ITG's counsel's office in Walnut Creek, California. I have communicated with Mr. Cason through calls, text messages, and emails on approximately ten (10) separate occasions in October and November 2019.

   b. Paul Monplaisir: Mr. Monplaisir is scheduled to be deposed on December 5, 2019, at ITG's counsel's office in Walnut Creek, California. I have communicated with Mr. Monplaisir through calls, text messages, and emails on approximately fifty (50) separate occasions in October and November 2019.

   c. Darrel Clark: Mr. Clark is scheduled to be deposed on December 6, 2019, at ITG's counsel's office in Walnut Creek, California. I reached out to Mr. Clark by phone, email, and text message on November 4, 2019, to ascertain his availability to sit for a deposition in November 2019. He returned my call and told me that he was having surgery in November and would be available on December 4, 5 or 6, 2019. I spoke with Mr. Clark on December 2, 2019, to confirm the scheduled deposition. On December 3, 2019, I sent him a reminder text message prior to his telephonic preparation and to confirm the upcoming deposition on December 6, 2019.

   d. James Mills: Mr. Mills told me he is available to sit for deposition on December 9 or 10, 2019, at ITG's counsel's office in Walnut Creek, California. I have communicated with

1  Mr. Mills through calls, texts and emails, on approximately fifteen (15) separate occasions in November 2019.  On November 17, 2019, I asked if he was available to travel to the Bay Area for a deposition in November.  He said he had the flu and could commit to a deposition in December and provided the above dates.

e. Antwyon Johnson:  Mr. Johnson told me he is available to be deposed at ITG's counsel's office in Walnut Creek, California on December 9, 2019, or December 16, 2019.  I spoke with Mr. Johnson on November 26, 2019 and for several hours on November 27, 2019. On November 27, 2019, Mr. Johnson provided the aforementioned dates for his deposition.

f. Jim Bermejo:  Mr. Bermejo told me he is available to be deposed at ITG's counsel's office in Walnut Creek, California on December 11, 2019, or December 18, 2019.  I spoke with Mr. Bermejo on December 3, 2019, and he provided the aforementioned dates.

g. Clark Brown:  In order to ascertain Mr. Brown's availability, I have communicated with Mr. Brown through calls, texts and emails, on approximately ten (10) separate occasions from November 20, 2019, through December 3, 2019.  I asked him on November 20, 2019, to provide possible dates for a deposition.  That same week, I asked him on approximately five (5) occasions to provide possible dates for a deposition.

h. Dwyde Simmons:  Mr. Simmons is currently working in North Carolina until December 24, 2019, has informed me that he is not available to be deposed at ITG's counsel's office in Walnut Creek, California until early January 2020.

i. Marcus Benkis:  I spoke to Mr. Benkis at length on approximately twenty (20) separate occasions in October and November 2019.  He told me that he would be available to sit for deposition on November 15 and November 19, 2019.  I spoke with him on Thursday, November 14, 2019, and confirmed his deposition date and preparation meeting. Before November 14, 2019, Mr. Benkis answered my phone calls and replied to my text messages.  I attempted to reach him by phone over fifteen (15) times on the days of November 15, 16, 17, and 18, 2019; however, Mr. Benkis did not respond. My colleagues

1 and I also attempted to reach him by both email and text message on November 16, 17,
2 18, and 26, 2019; however, he likewise has not responded to these messages. On
3 November 27, 2019, I attempted to reach him again by phone, email and text messages;
4 again, Mr. Benkis did not respond.

5     j. Francisco De La Rosa: I reached out to Mr. De La Rosa by phone, email and text message
6 on November 4, 2019. It was difficult to reach Mr. De La Rosa, as the telephone number
7 on record belongs to one of his family members. Additionally, when I reached out by
8 email to verify his contact information, the email bounced back. On November 4, 2019,
9 I left a voice message on the phone number provided, and also sent a follow up text
10 message to verify Mr. De La Rosa's email address. I received an updated email address
11 from Mr. De La Rosa's family member, and between November 4, 2019 and November
12 18, 2019, I sent approximately ten (10) emails to set a date for a deposition. Once he
13 replied on November 18, 2019, we spoke by phone and Mr. De La Rosa provided an
14 additional phone number and committed to two (2) possible dates for a deposition; at the
15 time he provided the dates of December 9 and December 10, 2019. In the following days,
16 I called, emailed and texted Mr. De La Rosa to see if he could provide a date in November
17 2019 for a deposition. I reached out to Mr. De La Rosa on approximately four (4)
18 occasions between November 18 through November 20, 2019, and he said would be
19 available to sit for deposition on November 26, 2019, and we set up a telephonic call for
20 November 22, 2019. Mr. De La Rosa missed our scheduled call and I followed up with
21 him by phone, email, and text message. I eventually connected with him later that day,
22 and he confirmed his deposition. I tried to reach Mr. De La Rosa by phone and text
23 message during the morning of November 26, 2019; however, he was unresponsive.

24     k. Phillip Pham: I reached out to Mr. Pham by phone, email, and text message throughout
25 November – including on November 4, 7, 12, and 20, 2019. On November 4, 2019, I
26 reached out by phone twice and sent a text message to Mr. Pham. Mr. Pham called me
27 back and refused to provide a day to schedule a deposition. I reached out to Mr. Pham

through text, emails, and calls on approximately twenty (20) separate occasions in the month of November 2019. Mr. Pham rejected sitting for a deposition.

l. Manuel O. Thomas: I am currently undertaking efforts to reach Mr. Thomas. I called Mr. Thomas on December 3, 2019; however, his voicemail has not been activated. I sent a follow up email.

Executed on this 4th day of December, 2019 in Miami Beach, Florida.



Stacy Savett

---

4
DECLARATION OF STACY SAVETT
*Monplaisir v. Integrated Tech Group, LLC, et al.,* Case No. 3:19-cv-01484-WHA