UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL MONPLAISIR, et al.,

    Plaintiffs,

v.

INTEGRATED TECH GROUP, LLC, et al.,

    Defendants.

No. C 19-01484 WHA

**ORDER FINDING CALIFORNIA LAW APPROPRIATE FOR APPLICATION TO MOTION TO COMPEL ARBITRATION**

In this wage and hour putative class action, defendants moved to compel arbitration, plaintiffs opposed, defendants replied, and both parties briefed the validity and enforceability of the arbitration agreement under federal and California law (Dkt. Nos. 65, 67, 71). The agreement states:

> 10. <u>Substantive Law</u>. The Arbitrator shall apply the substantive state or federal law (and the law of remedies, if applicable) as applicable to the claim(s) asserted. Claims arising under federal law shall be determined in accordance with federal law. Common law claims shall be decided in accordance with Florida substantive law, without regard to conflict of laws principles.

A December 30 order asked the parties to either stipulate to California law, as briefed, or agree to re-brief. The parties responded, but disagreed. Plaintiffs prefer California law; defendants prefer Florida. So a January 6 order directed the parties to brief the issue, addressing in particular: (1) whether the agreement's validity was a common law matter; and (2) whether

defendants waived their right to assert a Florida choice of law provision by briefing California law. Both parties filed timely briefs (Dkt. Nos. 131, 135, 136, 148, 149).

The parties agree that the validity of an arbitration agreement is governed by "ordinary state-law principles," *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995), and that unconscionability is a common law doctrine. *Basulto v. Hialeh Automotive*, 141 So. 3d 1145, 1157 (Fla. 2017); *see also Davis v. O'Melveny & Meyers*, 485 F.3d 1066, 1072 (9th Cir. 2007). But the parties disagree whether the purported choice of law provision governs this dispute. This order finds that it does not.

In both California and Florida, contract interpretation begins with the plain language. *Bank of the West v. Sup. Ct.*, 833 P.2d 545, 552 (Cal. 1992); *Columbia Bank v. Columbia Developers, LLC*, 127 So. 3d 670, 673 (Fla. 1st DCA 2013). Recall the provision here:

> *Claims* arising under federal law shall be determined in accordance with federal law. Common law *claims* shall be decided in accordance with Florida substantive law.

In context, the term "claim" means the *claim for relief* asserted between the parties to the arbitration agreement, *i.e.* the basis for the suit.

Here, though, the contract's validity or unconscionability is, strictly, not a *claim*, but a defense. Indeed, defendants only invoked the arbitration agreement *after* plaintiffs raised their claims for relief. And plaintiffs only challenged the enforceability of the agreement *after* defendants invoked the arbitration agreement. The validity of the arbitration agreement didn't bring these parties into court. Plaintiffs articulated this argument in the joint statement (Dkt. No. 135), yet defendants do not respond to it in their supplemental brief (Dkt. No. 149). Moreover, defendants' supplemental brief illustrates how to draft a choice of law provision governing the interpretation and validity of an agreement: "This agreement shall be governed by and construed in accordance with the laws of the State of [   ]" (Dkt. No. 149 at 6). Defendants chose not to draft such a provision here and must live by that choice.

Absent an applicable choice of law provision, California's own choice of law principles apply. To start under California's analysis, Florida law will only apply if it "materially differs from the law of California." *In re Henson*, 869 F.3d 1052, 1059–60 (9th Cir. 2017). Here,

defendants already argued the arbitration provision is valid and enforceable under California law (Dkt. Nos. 65, 71), and they presumably would argue the same under Florida law. Defendants point to no material difference between California and Florida law on this issue.

In sum, the choice of law provision does not apply to the validity and enforceability of the arbitration agreement. And California law dictates that California law governs this issue. Thus, defendants' motion to compel arbitration will be decided on the briefs submitted, under California law. The hearing on defendants' motion to compel arbitration (Dkt. No. 65) is reset for **THURSDAY, FEBRUARY 20 AT 10:30 A.M.**

**IT IS SO ORDERED.**

Dated: February 1, 2020.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE