UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL MONPLAISIR, et al.,

    Plaintiffs,

v.

INTEGRATED TECH GROUP, LLC, et al.,

    Defendants.

No. C 19-01484 WHA

**ORDER COMPELLING ARBITRATION**

## INTRODUCTION

In this wage-and-hour putative class action, defendant employers move to compel arbitration as to a subset of plaintiff employees. Because the arbitration agreement is valid, covers the claims in suit, and is not unconscionable, **ARBITRATION IS ORDERED**.

## STATEMENT

The facts of this case are set out in prior orders. Briefly, defendants Integrated Tech Group, LLC and ITG Communications LLC install cable and communication equipment across the nation. The complaint alleges that defendants made plaintiffs work significant portions of their day off-the-clock, including trainings, pre-shift work, meal periods, driving time, and other added work. Additionally, defendants allegedly pressured plaintiffs to alter or not submit billing records. Plaintiffs filed this action in March 2019, alleging various state and federal law wage-and-hour claims. An August 6 order granted plaintiffs' motion for conditional class certification and deferred ruling on defendants' July 10 motion to compel arbitration until the

close of the opt-in period (Dkt. No. 76). The period closed on January 9 (Dkt. No. 164), so this order now addresses the motion to compel.

Defendants invoke an arbitration agreement against many plaintiffs, including opt-in plaintiffs. Since around January 2017, defendants have included an arbitration agreement in new-hire packets (Dkt. No. 65 at 9). The agreement provides for arbitration to resolve "all disputes . . . arising out of or relating to Parties' employment relationship or termination of that relationship" (Dkt. No. 65-8 at ¶ 1). The agreement also includes a class action waiver (*id.* at ¶ 5) and specifies "[c]ommon law claims shall be decided in accordance with Florida substantive law" (*id.* at ¶ 10). Of the more than 2,600 potential plaintiffs, defendants contend approximately 1,400 signed the arbitration agreement. This order follows full briefing and oral argument.

**ANALYSIS**

Under the Federal Arbitration Act, a district court determines "whether a valid arbitration agreement exists, and if so, whether the agreement encompasses the dispute at issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). Here, plaintiffs do not dispute the arbitration agreement, which "govern[s] the resolution of all disputes . . . arising out of or relating to the Parties' employment relationship or termination of that relationship," covers the wage and hour claims in suit (Dkt. No. 65-8 ¶ 2). Thus, the only issue is whether the arbitration agreement is valid and enforceable.

Plaintiffs contend: (1) the arbitration agreement is unconscionable; (2) defendant ITG Communications may not enforce the arbitration agreement; and (3) procedural defects mean certain plaintiffs never agreed to arbitrate.

1. **UNCONSCIONABILITY**

"Under California law, a contractual clause is unenforceable if it is both procedurally and substantively unconscionable." Courts use a sliding scale: more substantive unconscionability requires less procedurally unconscionability to render the contract term unenforceable, and vice versa. But "*both must be present*" for a court to deem a contract unenforceable as

2

unconscionable. *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007) (overruled on other grounds) (emphasis added).

Here, *AT&T Mobility v. Concepion*, 563 U.S. 333 (2011), and *Epic Systems v. Lewis*, 584 U.S. __, 138 S. Ct. 1612 (2018), effectively foreclose any substantive unconscionability challenge to the arbitration agreement plus class-action waiver. So plaintiffs challenge the agreement as "unfairly one sided" because several employee arbitration agreements leave blank: (1) the identity and address of the ITG officer "to whom the employee should send notice in order to initiate any arbitration proceeding," and (2) the "location of the arbitration proceeding" (Dkt. No. 67 at 11–12). At the hearing the parties represented that fifty-five opt-in plaintiffs' agreements left the notice provision blank, five other opt-in plaintiffs' agreements left the location provision blank, and 121 further opt-in plaintiffs' agreements left both blank. To plaintiffs, the blanks make it unfairly difficult for employees to invoke the dispute resolution process.

These blanks are troubling omissions to contracts that *defendants* drafted. But at the hearing, defendants stipulated to filling the blanks with the most plaintiff-favorable terms. The location provision now permits plaintiffs to arbitrate their claims in *any* county of their choosing. And the closing of opt-in period moots the notice provision because ITG has notice of plaintiffs' wish to sue (Dkt. No. 164). Moreover, the agreement specifies the American Arbitration Association as the arbitrator, and commits defendants to pay the arbitrator's fees and costs (Dkt. Nos. 65 at 5; 65-6 at ¶¶ 2, 14). These terms ease this order's conclusion that the agreement is substantively conscionable.

In sum, unenforceability for unconscionability requires ***both*** procedural and substantive defects. Plaintiffs' pleas of procedural unconscionability cannot, as a matter of law, overcome the lack of substantive unconscionability. *See Davis*, 485 F.3d at 1072. The arbitration agreement is, thus, not unconscionable.

**2. ENFORCEMENT BY ITG COMMUNICATIONS, LLC.**

Plaintiffs next contend one defendant, ITG Communications, may not invoke the arbitration clause.

3

ITG Communications is, strictly, not a signatory to the asserted agreement between the employees and Integrated Tech Group, LLC (Dkt. Nos. 65-8, 67 at 5–6). Ordinarily it would be a close call whether ITG Communications could invoke the arbitration agreement against plaintiffs. But here, we enjoy a unique circumstance. Defendants have stipulated, for the purposes of this litigation, that they are plaintiffs' joint employers (Elizabeth Stone Tr., Dkt. No. 128-5 at 119–20). Thus, ITG Communications, as joint employer, may arbitrate plaintiffs' wage and hour claims alongside Integrated Tech Group.

### 3. CONTRACT VALIDITY.

Last, plaintiffs note a language barrier that might simply preclude contract formation. The argument has merit. The "mutual manifestation of assent, whether by written or spoken word or by conduct, is the touchstone of contract." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014). The manifestation of assent is judged objectively. *See Cal Fire Local 2881 v. Cal. Pub. Empls. Ret. Sys.*, 435 P.3d 433, 455 (Cal. 2019) (Kruger, J., concurring); 1 WITKIN, SUMMARY OF CAL. L., CONTRACTS § 767 (11th ed. 2017). And, where a party's conduct could not reasonably be taken as assent to contract, for example where the terms are hidden, no contract is formed. *See Barnes & Noble*, 763 F.3d at 1177 (citing *Specht v. Netscape*, 306 F.3d 17, 29 (2d Cir. 2002)).

It could certainly be found that otherwise assenting conduct cannot so indicate where one party's limited English reasonably precludes contract comprehension absent translation. Defendants' response that "[a]ll technicians are required to read, comprehend, and write English in order to effectively communicate with customers, clients, and co-workers to fulfill their job duties" is unconvincing (Dkt. No. 71 at 11). English competence to install cable hardware is one thing — the "English" used in most contracts is quite another.

But plaintiffs offer insufficient evidence of a language barrier, merely two *identical* statements alleging "English is my second language and I did not understand all the complex legal documents" (Dkt. Nos. 67-4, 67-5 at ¶ 6). The bare allegation that "English is my second language" is not probative of English proficiency. Education and practice with the language is. Absent probative evidence of the language barrier, plaintiffs' objection fails.

4

### 4. DEFENDANTS' MOTION TO STAY PROCEEDINGS

Under 9 U.S.C. § 3, the Court "shall on application of one of the parties stay the trial until such arbitration has been had in accordance with the terms of the agreement." Our court of appeals has acknowledged that this language "seems to direct that the action 'shall' be stayed pending completion of arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073 (9th Cir. 2014); *see also Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013). Following this dictum yields the pragmatic result. Plaintiffs' PAGA claims are derivative of the substantive claims — half of which will proceed to arbitration and half of which remain before the Court. There is no use proceeding on the PAGA claims here with potentially half the class missing. All PAGA claims are **STAYED** pending resolution of the arbitration proceedings.

### CONCLUSION

The arbitration being valid, enforceable, and not unconscionable, defendants' motion to compel arbitration against all plaintiffs who signed the agreement (Dkt. Nos. 65-5 164-1 (indexes), 65-6, 164-2, 164-3 (agreements)) is **GRANTED**. The remainder of plaintiffs will proceed on their primary claims. All PAGA claims, for all plaintiffs, are **STAYED**.

**IT IS SO ORDERED.**

Dated: March 2, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE