1  KEVIN R. ALLEN / CA SB# 237994
   **ALLEN ATTORNEY GROUP**
2  2121 N. California Blvd., Suite 290
3  Walnut Creek CA 94596
   Telephone: (925) 695-4913
4  Facsimile: (925) 334-7477
   kevin@allenattorneygroup.com
5

6  AUDREY A. GEE/ CA SB# 180988
   DAVID M. MARCHIANO / CA SB# 264809
7  MARISSA R. BOYD/ CA SB# 319255
   **BROWN, GEE & WENGER LLP**
8  200 Pringle Avenue, Suite 400
   Walnut Creek CA 94596
9  Telephone: (925) 943-5000
   Facsimile: (925) 933-2100
10 agee@bgwcounsel.com
   dmarchiano@bgwcounsel.com
11 mboyd@bgwcounsel.com

12

13 Attorneys for Defendants
   INTEGRATED TECH GROUP, LLC and
14 ITG COMMUNICATIONS LLC

15

16                    **UNITED STATES DISTRICT COURT**

17                    **NORTHERN DISTRICT OF CALIFORNIA**

                              **SAN FRANCISCO**
18

19

20 | PAUL MONPLAISIR, on behalf of himself and all others similarly situated, | CASE NO. 3:19-cv-01484-WHA |
|---|---|
| Plaintiff, | **JOINT STATEMENT REGARDING PUTATIVE CLASS'S NUMEROSITY** |
| v. | Judge: Hon. William Alsup |
| INTEGRATED TECH GROUP, LLC and ITG COMMUNICATIONS LLC, | Complaint Filed: March 21, 2019 |
| Defendants. | Trial Date: October 19, 2020 |

26

27

28

                                                                                    0

Plaintiff Paul Monplaisir, on behalf of himself and all others similarly situated ("Plaintiff") and Defendants Integrated Tech Group, LLC and ITG Communications LLC (collectively, "Defendants" or "ITG") submit the following joint statement as required to aid resolution of Plaintiff's pending motion for class certification. ECF No. 168.

**Background**

On March 2, the Court compelled numerous opt-in plaintiffs who signed the arbitration agreement to arbitration and stayed all PAGA claims for all plaintiffs. ECF No. 167. The Court reasoned that the arbitration agreement "is valid, covers the claims in suit, and is not unconscionable." *Id*. at 1. On March 5, the Court heard oral argument on Plaintiff's motion to certify a class of California technicians employed by ITG from March 21, 2015 to present. Acknowledging the arbitration agreement's impact on the potential class size, the Court stated at the March 5 class certification hearing that it was "going to deny [the motion] on the ground that there [was] only six or seven people who would be in the class". ECF No. 173 at 2. On March 6, the Court issued an order holding Plaintiff's motion for class certification in abeyance pending additional information on numerosity. ECF No. 168. The Court stated, "it remains unclear how many of the putative class are compelled to arbitrate." *Id*. at 1. The Court ordered Defendants to submit three documents: (1) an index of all putative California class members; (2) all signed arbitration agreements that existed for those putative class members; and (3) a sworn declaration attesting to the veracity of the first two. *Id*. The Court called this "step one." ECF 173 at 10. ITG timely complied on March 19, including submitting a sworn declaration from ITG's Vice President, Jerry Taylor, identifying all putative class members and attaching copies of the arbitration agreements signed by each of the putative class members. Only 16 technicians in the putative class did not sign the arbitration agreement. ECF Nos. 172, 172-1, 172-2, 172-3, 172-4, 172-5, 172-6.

"Step two" required Defendants to present the declarant– here, Jerry Taylor—for a limited deposition in this District by April 2 for examination on the information contained in the declaration.  ECF Nos. 168, 172, 173 at 10. After two stipulated orders extending the deadline for Plaintiff to take Mr. Taylor's deposition due to COVID-19 and shelter-in-place orders,

1  Plaintiff took Mr. Taylor's deposition by videoconference on May 18. ECF Nos. 178, 191.

2  After steps one and two are completed, the Court ordered the parties to file a joint
3  statement detailing both resolved and remaining (if any) factual disputes regarding the putative
4  class's numerosity. ECF No. 168. The Court extended the original April 9 deadline twice by
5  stipulated orders to its current deadline of May 26, 2020 at noon. ECF Nos. 180, 191. This joint
6  statement follows.

7  **Defendants' position**

8  Plaintiff failed to meet his burden to prove numerosity. The order compelling arbitration
9  eviscerated class certification on numerosity grounds since only 16 of the 237 putative class
10 members did not sign the arbitration agreement.   ITG has offered substantial evidence of how
11 many members of the putative class are compelled to arbitrate.

12  ITG's Vice President, Jerry Taylor, submitted a sworn declaration identifying 237
13 putative class members, 16 of whom did not sign the arbitration agreement. ECF Nos. 172 at 2.
14 172-1. ITG also submitted copies of all signed arbitration agreements that existed for those
15 putative class members as Exhibit B to Mr. Taylor's declaration. ECF Nos. 172-2, 172-3, 172-4,
16 172-5, 172-6.  Mr. Taylor testified in deposition that the index of putative class members filed
17 with the Court (ECF No. 172-1) contains the largest universe of people that could possibly be in
18 the California class. Joint Statement, Exhibit A (Deposition of Jerry Taylor, Vol. 3, ("Taylor
19 Depo.")) at 45:19-46:2. He also testified that with the exception of one putative class member
20 (Edward Colbert) missed due to a clerical oversight, the index was as complete and accurate as
21 possible. Taylor Depo. at 24:10-21. While Mr. Taylor was unsure at the time of his deposition if
22 Mr. Colbert had signed the arbitration agreement or not, ITG verified after that the employee did
23 sign the agreement. Joint Statement, Exhibit B (Colbert signed arbitration agreement). ITG
24 emailed a copy of the signed agreement to opposing counsel on May 20. Thus, ITG has
25 submitted 222 signed arbitration agreements. See ECF Nos. 172-2, 172-3, 172-4, 172-5, 172-6;
26 Joint Statement, Exhibit B.
27 Plaintiff submitted no evidence showing that the index submitted (ECF 172-1) is incomplete or
28 otherwise inaccurate. Instead, he attempts to re-litigate (for the third time) whether the agreement

2

is unconscionable (it is not). Plaintiff incorrectly asserts in his position statement below that Francisco Borges is a putative class member. He is not. The employee's name is Francisco Borges Chirino. ITG has verified that, despite Plaintiff's unsupported claims, Mr. Borges Chirino did NOT work in California for ITG as a technician during the relevant period.   Mr. Borges Chirino worked as a technician for ITG, in Florida, from April 7, 2016 to June 25, 2016. Plaintiff must have received misinformation, and they have no evidence to prove otherwise.

Plaintiff seeks to re-litigate the motion to compel arbitration, yet again, despite this Court's definitive denial on his recent motion for leave to file a motion for reconsideration. The Court should not countenance such tactics.  Despite plaintiff's statements below, Jerry Taylor testified in extensive detail in his deposition about how he arrived at the list, including his methodology. *See*, e.g., Taylor Depo. at 8-25; *see also* ECF No. 172 at 2-3. Plaintiff had full opportunity to question Mr. Taylor on Mr. Borges Chirino during Mr. Taylor's deposition, but did not and instead withheld this information, only springing it on ITG at 9:25 a.m. on May 26, less than 3 hours before this joint statement was due.[1] ITG has since verified that indeed, Mr. Borges did NOT work in California as a technician during the relevant times.

Plaintiff also complains that several arbitration agreements left blanks.[2] Plaintiff

---

[1] Defense counsel emailed a draft joint statement to plaintiffs' counsel on May 20 at 6:38 p.m., asking for a response by May 22 at 1 p.m., so defense counsel could have time to consider plaintiff's position. Plaintiff did not oblige, instead electing to sandbag.

- [2] <u>Plaintiff</u>: ECF 172-2, at pp. 211, 221 (omitting which individual or entity other than Integrated Tech Group, LLC is bound to the agreement); <u>Defendant</u>:  The terms of the agreement clearly state that the employee is bound, and the employee itself signed the arbitration agreements on the following pages. (ECF 172-2, at p. 215, 225). There is no question that the employee and the parties meant for the employee to be bound by the arbitration agreement.
- <u>Here are the parties' positions on disputed issues related to the arbitration agreements submitted.</u> <u>Plaintiff</u>: ECF 172-3 at p. 87 (same). <u>Defendant</u>: While the initial blank for the name of the employee is not filled in, the terms of the agreement clearly state that the employee is bound, and the employee itself signed the arbitration agreements on the following pages. (ECF 172-3 at p. 91). There is no question that the employee and the parties meant for the employee to be bound by the arbitration agreement.

3

contends, without evidence, that the technician, the putative class member, did not intend to sign the arbitration agreement. Plaintiff has no evidence this was the case. Furthermore, plaintiff made this exact argument in its papers opposing ITG's motion for compel arbitration and at oral argument. The Court's order expressly rejected it. ECF 167 at 3.  The Court stated: "defendants stipulated to filling the blanks with the most plaintiff-favorable terms. The location provision now permits plaintiffs to arbitrate their claims in *any* county of their choosing." *Id*. This (and other terms) "eased" the Court's conclusion that the agreement is substantively conscionable. *Id*.

Plaintiff is improperly using this joint statement to (again) petition the Court to reconsider its order compelling arbitration. Nothing in their joint statement addresses numerosity. They have no evidence to show the arbitration agreements were forged. They cite ECF 172-2 at 211 to show the employee did not input his name, but the employee inserted his

---

- <u>Plaintiff</u>: ECF 172-4, at pp. 30, 134, 161, 188 (same).  <u>Defendant</u>:  ECF 172-4, at p. 30, the name of the employee is highlighted which came out greyed in the copy.  The plaintiff clearly signed the arbitration agreement.  ECF 172-4 at p. 34.  At ECF 172-4, at p. 134, that agreement was clearly signed by the employee on p. 138.  The terms of the agreement clearly state that the employee is bound, so there is no question that that employee is bound by the arbitration agreement.  Same for p.161 (signed p. 165) & p.188 (signed p. 192).
- <u>Plaintiff</u>: ECF 172-6, at pp. 98, 154 (same). <u>Defendant</u>: While the initial blank for the name of the employee is not filled in, the terms of the agreement clearly state that the employee is bound, and the employee itself signed the arbitration agreements on the following pages. (ECF 172-6, at pp. 102, 158).There is no question that the employee and the parties meant for the employee to be bound by the arbitration agreement.
- <u>Plaintiff</u>: ECF 172-2, at p. 153 (indicating only Integrated Tech Group, LLC, and "ITG", but not the employee are bound to the agreement).  <u>Defendant</u>: This agreement was signed by the employee. ECF 172-2 at 157.
- <u>Plaintiff</u>: ECF 172-3, at pp.38, 60, 208 (same).  <u>Defendant</u>: These agreements were clearly signed by the employee, and the language of the arbitration agreement state that the employee is bound to arbitrate its claims. ECF 172-2 at 42, 63, 209.
- <u>Plaintiff</u>: ECF 172-2, at p. 53 (a "Ø" sign is indicated where the signature line is set).  Defendant: This is not true.  The employee signed the agreement. It is not a zero sign, but a unique signature.  Plaintiff submitted no evidence that the signature is not that of the employee.

4

name at ECF 172-2 at 213 and signed the agreement at ECF 172 at 215. Plaintiff has no evidence that ITG added terms post-execution.

Last, plaintiff misleads the Court in stating that the arbitration agreements submitted in ECF 172-2 to 172-6 are different than the one previously submitted. The form is the same. Plaintiff lies to the Court in a desperate effort to stave off class certification denial.

In sum, there are 238 putative class members, only 16 of whom did not sign the arbitration agreement. ECF Nos. 172 at 2, 172-1; Taylor Depo. at 24:10-21. Both Taylor's declaration (ECF 172) and deposition testimony attest under oath to the veracity of the arbitration information submitted to the Court. The evidence is sufficient to show that Plaintiff cannot meet the numerosity requirement.

**Plaintiff's position**

The Court's ruling on Defendant's motion to compel arbitration has placed the issue of numerosity at issue based on Defendants' contention that of the 237 putative California class members 221 have signed an arbitration agreement, leaving a class of 16 members. However, Plaintiff can establish numerosity here, because additional individuals – whether inadvertently left out or not – have not assented to arbitrate their claims. *Clemens v. Hair Club for Men*, LLC, No. C 15-01431 WHA, 2016 U.S. Dist. LEXIS 50573, at *5-6 (N.D. Cal. Apr. 14, 2016) (Alsup, J.) ("Under Rule 23(a)(1) the prerequisite of numerosity is satisfied by showing that "joinder of all members is impracticable." This prerequisite is not tied to any fixed numerical threshold but is generally satisfied "when a class includes at least forty members.") (quoting *Rannis v. Recchia*, 380 Fed. Appx. 646, 650 (9th Cir. 2010)).

Despite Mr. Taylor's representation that the "class list" he had testified to was the broadest list of individuals, it is clear that the list remains incomplete. For example, through Plaintiff's investigation into this matter, Plaintiff was able to determine that at least one individual – Mr. Francisco Borges – worked in the State of California during the relevant time period, but was not included in Mr. Taylor's list.[3]

---

[3] This is unsurprising, as Mr. Taylor was unable to testify as to how *he* was able to verify the

5

In addition, to being incomplete, multiple arbitration agreements produced by ITG appear to have blue colored handwriting, similar across each agreement, that appear to have been included post-execution of the arbitration agreements. *See, e.g.,* ECF 172-2, at pp. 2, 63, 76, 132, 189; ECF 172-3, at p. 75; ECF 172-6, at pp. 109, 113. The suspect nature of this added handwriting is further heightened as the blue handwriting often provides critical terms of the arbitration agreements that do not appear to have been included in the original agreements. *See* ECF 172-2, at pp. 63 (signature), 76 (individual's name as an entity bound to the agreement), 132 (same), 189 (same); ECF 172-3, at p. 75 (signature); ECF 172-6, at pp. 109, 113 (individual's name as an entity bound to the agreement and signature).

Further, the arbitration agreements at issue are fundamentally different from those that were initially presented before this Court during the hearing on Defendants' motion to compel arbitration. Multiple arbitration agreements that Defendants have provided to this Court show that either (1) the agreement does *not* apply to the putative class member at issue, and rather only indicates it is between Integrated Tech Group, LLC or (2) the putative class member at issue did not intend to sign the agreement. Thirteen arbitration agreements produced by ITG are similarly deficient in this respect. *See* ECF 172-2, at pp. 211, 221 (omitting which individual or entity other than Integrated Tech Group, LLC is bound to the agreement); ECF 172-3, at p. 87 (same); ECF 172-4, at pp. 30, 134, 161, 188 (same); ECF 172-6, at pp. 98, 154 (same); *see also,* ECF 172-2, at p. 153 (indicating only Integrated Tech Group, LLC, and "ITG", but not the employee are bound to the agreement); ECF 172-3, at pp.38, 60, 208 (same). *See also,* ECF 172-2, at p. 53 (a "∅" sign is indicated where the signature line is set).

In sum, Defendants' statement that there are only 16 putative class members is based on Mr. Taylor's testimonies – which he cannot validate – and on a misrepresentation that the deficiencies in the arbitration agreements – compared to those that Defendants produced during the briefing of Defendants' motion to compel arbitration – are identical to those at issue.

---

information in this list, and could only state in a conclusory manner that such list was complete.

| | | |
|---|---|---|
| 1 | DATED: May 26, 2020 | BROWN, GEE & WENGER, LLP |
| 2 | | */s/ David M. Marchiano* |
| 3 | | Audrey A. Gee |
| | | David M. Marchiano |
| 4 | | |
| 5 | | Attorneys for Defendants INTEGRATED TECH GROUP, LLC and ITG COMMUNICATIONS LLC |
| 6 | | |
| 7 | | SCHNEIDER WALLACE COTTRELL KONECKY LLP |
| 8 | | |
| 9 | DATED: May 26, 2020 | */s/ Michelle S. Lim* |
| | | Carolyn H. Cottrell |
| 10 | | Ori Edelstein |
| | | Michelle S. Lim |
| 11 | | |
| 12 | | Sarah R. Schalman-Bergen |
| | | Krysten L. Connon |
| 13 | | BERGER MONTAGUE PC |
| 14 | | Attorneys for Plaintiff, the Collective, and putative Class, and Aggrieved Employees on behalf of the State of California |
| 15 | | |

### SIGNATORY ATTESTATION

The e-filing attorney hereby attests that concurrence in the content of the attached documents and authorization to file the attached documents has been obtained from the other signatory indicated by a conformed signature (/s/) within the attached e-filed documents.

Dated: May 26, 2020

*/s/ David M. Marchiano*
David M. Marchiano

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of California, by using the Court's CM/ECF system on May 26, 2020.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

DATED: May 26, 2020                          BROWN, GEE & WENGER, LLP

                                             /s/ *David M. Marchiano*
                                             Audrey A. Gee
                                             David M. Marchiano

                                             Attorneys for Defendants INTEGRATED TECH GROUP, LLC and ITG COMMUNICATIONS LLC