UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL MONPLAISIR, on behalf of himself
and all others similarly situated,

    Plaintiffs,

  v.

INTEGRATED TECH GROUP, LLC, et al.,

    Defendants.

No. C 19-01484 WHA

**ORDER TO SHOW CAUSE RE STIPULATED DISMISSAL FOR ARBITRATION CLAIMANTS**

    This is a wage-and-hour collective action with a long and tortured history. Plaintiff worked as a technician for defendants Integrated Tech Group, LLC, and ITG Communications, LLC, which provided home installation services for cable and telecommunications equipment. An August 2019 order conditionally certified a nationwide collective under the Fair Labor Standards Act (Dkt. No. 76). A March 2020 order, however, compelled many members of the collective to arbitration (Dkt. No. 167). A March 2021 order then rejected plaintiff's bid to certify a class covering plaintiff's non-FLSA claims because all but sixteen members of the putative class had signed arbitration agreements (Dkt. No. 254). No Rule 23 class was ever certified.

    Our dispute seemingly concluded when a May 2022 order approved a monetary settlement of the collective's FLSA claims and the PAGA claims for all aggrieved California employees (Dkt. No. 275). No members of the collective or the PAGA class had signed

arbitration agreements. Meanwhile, a total of 222 employees who had initially been part of the conditionally-certified collective but had been subsequently compelled to arbitration filed a demand for arbitration with the American Arbitration Association (Dkt. No. 276). Of those employees, 213 have reached individual settlements in the arbitration proceedings.

The parties have now stipulated "pursuant to the terms of" those individual settlement agreements "to dismiss with prejudice all claims in this litigation" as to the individuals who signed the agreements (*ibid*.). Their filing announces that dismissal of these claims is proper pursuant to FRCP 41(a)(1) and Civil Local Rule 7-12 and then goes on to list by name all 213 employees who have signed individual settlement agreements.

FRCP 41(a)(1) governs voluntary dismissal by the plaintiff. The employees who signed arbitration agreements, however, are *not* plaintiffs in this action. They are *not* members of even the conditionally-certified collective, and this is not a class action. Prior orders made this clear. (*See, e.g.*, Dkt. No. 276 at 2 ("After all the foregoing, we are left with a conditionally certified FLSA collective of 133 members and no certified Rule 23 class. All members of the collective have affirmatively opted-in. None of them have signed arbitration agreements.")). Further, counsel have not adequately explained why FRCP 41(a) would provide authority to stipulate to dismiss on behalf of *213 employees* in a collective action.

Counsel are accordingly **ORDERED TO SHOW CAUSE** as to why dismissal is proper as to the 213 individuals who signed arbitration settlement agreements. A response to this order is due in **14 CALENDAR DAYS**.

**IT IS SO ORDERED.**

Dated: September 28, 2022

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE